### D. A. FOSTER EQUIPMENT CORPORATION

v.

### FIDELITY AND CASUALTY COMPANY OF NEW YORK, the Home Indemnity Company of New York, Arnold S. Bowling, Elizabeth A. Rice, Cynthia A. Rice and Freddie L. Rice.

### The HOME INDEMNITY COMPANY OF NEW YORK, Cross-Claimant,

v.

### FIDELITY AND CASUALTY COMPANY OF NEW YORK, Cross-Defendant.

Civ. No. 16537.

United States District Court
D. Maryland.
Dec. 21, 1966.

Herbert F. Murray and M. King Hill, Jr., Baltimore, Md., for Fidelity & Casualty Co. of New York.

C. MacNair Speed, Baltimore, Md., for Home Indemnity Co.

THOMSEN, Chief Judge.

This action for a declaratory judgment presents a jurisdictional question which must be disposed of before the other issues are reached.[1]

### The Facts and The Proceedings

Merritt Chapman & Scott (Merritt) was engaged in erecting a building for the American Telephone and Telegraph Co.[2] at Faulkner, Charles County, Maryland. Merritt contracted with plaintiff (Foster) to supply a crane and crane operator. Merritt purchased a quantity of pipe to be used on the project, which was delivered to the construction site from railroad sidings in Whitemarsh and Bradshaw, more than 70 miles away, on trucks leased by Allen, Inc. (Allen) from Edgar H. Allen and Son, Inc. Employees of Allen drove the trucks to the site, but being non-union were not allowed to participate in the unloading. On June 17, 1963, an employee of Allen drove a truckload of pipe to the site; Merritt's men placed slings around the load while it was on the truck, and Foster's crane operator lifted the load a few feet off the truck and held it there for a few moments, during which time the truck pulled away. While the pipe was being held in the air by the crane, before being swung over to the building, the boom of the crane collapsed and and the load fell on two of Merritt's employees, Bowling and Rice, injuring the former and killing the latter. Rice's dependents and Bowling obtained awards against Merritt and its compensation insurer, and filed suits un-

Alva P. Weaver, III, Baltimore, Md., for D. A. Foster Equipment Corp.

1. Because the jurisdictional question was obviously a troublesome one and the parties had their witnesses present at the hearing, the Court took whatever evidence either side wished to offer both on the jurisdictional question and on the merits. The Court has concluded, for the reasons set out in this opinion, that it has no jurisdiction to determine the merits of the case, but since there is now little or no dispute about the facts, the time spent in hearing the testimony may not have been wasted; the parties may agree to submit the matter to a State Court on the evidence taken in this Court.

2. Neither of those corporations is a party to this suit.

der the Maryland Wrongful Death Act against Foster, which owned the crane and employed its operator.

Foster carried a liability insurance policy issued by Home Indemnity Company (Home), with limits of $100,000–$300,000, and Home engaged a Baltimore law firm to defend the damage suits on behalf of Foster. The Fidelity and Casualty Company of New York (F & C) had issued to Allen an automobile liability policy, also with $100,000–$300,000 limits, which covered the truck that delivered the pipe and which contained a clause providing loading and unloading coverage and a 50-mile radius restriction.

A member of the firm of attorneys employed by Home to defend Foster in the damage suit has filed the present action in this Court, naming Foster as sole plaintiff, and F & C, Home and the plaintiffs in the damage suits as defendants. The complaint seeks a declaratory judgment that the loading and unloading clause of the F & C policy protects Foster against the claims asserted against Foster by Rice's dependents and Bowling. Another attorney associated with the firm employed by Home to represent Foster has filed a cross-claim on behalf of Home against F & C, in which Home adopts the position taken by Foster, and seeks indemnity or contribution from F & C for the expenses and counsel fees heretofore incurred by Home in the defense of Foster.

### The Questions Presented

The first question is whether Home's interest in the case is such that it should be aligned with Foster as a party plaintiff; if that is done, diversity jurisdiction would be destroyed.[3]

In an effort to avoid that result, Foster has moved for leave to dismiss Home as a party to the case, and Home has moved for leave to dismiss its cross-claim against F & C. Those motions are opposed by F & C, which prefers to have the construction of its policy submitted to the

State Courts. F & C argues that Home is an indispensable party, in whose absence the case should be dismissed, and that if this action is not dismissed for that reason, the Court should exercise its discretion to refuse declaratory relief, because in the absence of Home a judgment would not settle the controversy.

If the jurisdictional hurdle is cleared, two issues will be presented: whether the loading and unloading clause of the F & C policy protects Foster under the facts of this case; and whether the 50-mile radius restriction in the F & C policy prevents any coverage by that policy which might otherwise exist.

### Discussion

For the purposes of this case the interests of Home and its insured, Foster, are essentially the same; if Home is kept in the case it should be realigned as a party plaintiff. State Farm Mutual Auto. Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 302, 132 A.L.R. 188 (1940); American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478 (1947); Fireman's Fund Ins. Co. v. Dunlap, 4 Cir., 317 F.2d 443 (1963).

Since both F & C and Home are New York corporations, the retention of Home would destroy diversity jurisdiction. Therefore, Foster has moved to dismiss Home as a party and Home has moved to dismiss its cross-claim against F & C. The first question raised by these motions is whether Home is an indispensable party, in whose absence the case should be dismissed.

When parties should be considered "indispensable" has caused difficulty over the years. See Wright, Federal Courts, sec. 71; Moore's Federal Practice, Vol. 3, ch. 19, especially ¶¶ 19.02, 19.03, 19.17, 19.18, 19.19, Vol. 6, ch. 57, ¶ 57.25; Advisory Committee's Note to Rule 19, F.R. Civ.P., as amended effective July 1, 1966, 39 F.R.D. 89–91. In recent years a controversy has arisen whether the so-called indispensable party rule is a rule of substantive law or a rule of procedure.[4]

---

3. Foster is a Delaware corporation; the individual defendants are citizens of Maryland; but both F & C and Home are citizens of New York.

4. See the opinions in Provident Tradesmens B & T Co. v. Lumbermens Mut. Cas. Co., 3 Cir., 365 F.2d 802 (1966).

The controversy is more apparent than real, because the label "indispensable" has almost always been used in a conclusory sense, and the elements which determine indispensability are also those which determine whether the suit should proceed in the absence of the interested person.

A summary of the law as it existed when this action was filed is contained in Stevens v. Loomis, 1 Cir., 334 F.2d 775, at 777 (1964).[5]

■ In 1966, however, Rule 19 was amended effective July 1, 1966. 384 U.S. 1031, 39 F.R.D. 213. The purpose and effect of the amendment are set out in the Advisory Committee's note, 39 F.R.D. 89-94. It is the amended rule which must now be applied in this case.[6]

■ Since it is clear that the retention of Home as a party would deprive this court of jurisdiction, paragraph (b) is the only portion of the Rule which need be considered. That paragraph provides:

*Rule 19. Joinder of Persons Needed for Just Adjudication*

" * * *

"*(b) Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a) (1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

In this case, as we have seen, although the action is brought in the name of Foster, it is brought by the attorneys retained by Home; they felt it necessary or desirable to make Home a party to the case, and made it a party defendant rather than a party plaintiff in an effort to obtain diversity jurisdiction; Home has filed a counterclaim adopting

---

5. The First Circuit, speaking through Judge Aldrich, said:
"There are, broadly, under the rule, and prior thereto, three classifications of parties; indispensable, necessary (sometimes called conditionally necessary) and formal. A court cannot proceed in the absence of an indispensable party, but will proceed in the absence of a merely formal party. Whether or not it should proceed in the absence of a necessary party is a matter of discretion. Because the classic definition of an indispensable party is one as to whom any judgment, if effective, would necessarily affect his interest, or would, if his interest is eliminated, constitute unreasonable, inequitable, or impractical relief, see cases infra, and the latter question is the same that must be asked when deciding whether to dismiss in the absence of a merely necessary party, where the court concludes not to proceed in the absence of some party there has been a natural tendency to label that party 'indispensable' whether he was truly indispensable or only necessary. * * *"

6. Paragraph 2 of the Order of the Supreme Court amending Rule 19 and other Civil Rules, 384 U.S. 1030, 1031, 39 F.R. D. 213, 251, stated: "That the foregoing amendments and additions to the Rules of Civil Procedure shall take effect on July 1, 1966, and shall govern all proceedings in actions brought thereafter and also in all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies." The application of amended Rule 19 in this proceeding would be feasible and would not work an injustice. Indeed, the result would be the same whether the old or the new Rule is considered applicable.

the position taken by Foster and seeking a declaratory judgment that the coverage of the F & C is primary rather than concurrent with the coverage of Home, and that F & C must repay to Home the expenses and counsel fees heretofore incurred by Home in the defense of Foster.

It is clear that a judgment rendered herein against Foster and *in favor of* F & C would be prejudicial to Home; indeed it would be fatal to the claims made by Home in its cross-claim against F & C. Home seeks to avoid the effect of this factor by stating that it agrees to be bound by any judgment herein *in favor of* F & C. Whether such an agreement might avail in another situation need not be decided, because in this case a judgment *against* F & C in favor of Foster would not settle the questions whether any possible F & C coverage is primary, concurrent or excess with respect to the Home coverage, and whether F & C may be liable to reimburse Home for expenses and counsel fees already incurred. Counsel for Home belatedly argue that these matters should be submitted to arbitration between the companies, but that suggestion is inconsistent with Home's cross-claim against F & C, which seeks to have those points decided by this Court. F & C at best is faced with the possibility of additional litigation, and is justified in seeking to avoid piecemeal disposition of the issues. Moreover, Foster and Home have an adequate remedy by a suit in a Maryland State Court if this action is dismissed.

Whether or not Home is an "indispensable party" under some substantive rule of law, if there be any such substantive rule that might require dismissal of such an action as this, the Court concludes, after considering the factors set out in paragraph (b) of Rule 19, that this action should not proceed among the other parties but should be dismissed, Home "being thus regarded as indispensable".

 The same factors would lead the Court to exercise its discretion to re-fuse to enter a declaratory judgment in the absence of Home. The Fourth Circuit has held that a district court has such discretion, in order to avoid piecemeal litigation. Aetna Casualty and Surety Co. v. Quarles, 4 Cir., 92 F.2d 321 (1937); American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478 (1947). When a diversity case turns upon a question of State law to which the answer is by no means clear,[7] a federal court should not stretch to grasp or retain jurisdiction.

The conclusion that the action should be dismissed makes it inappropriate for this Court to intimate any opinion on the other questions raised by the parties.

---

7. See United States F. & G. Co. v. Backus, 243 Md. 121, 220 A.2d 139 (1966); Travelers Insurance Co. v. Employers' Liability Assurance Corp., 4 Cir., 367 F. 2d 205 (1966).