427 P.2d 346

**William J. DART and Dorothy Dart, his Wife, Appellants,**

v.

**The VALLEY NATIONAL BANK OF ARI-ZONA, a National Banking Association, Appellee.**

**No. I CA–CIV 417.**

Court of Appeals of Arizona.

May 9, 1967.

Alan Philip Bayham, Phoenix, for appellants.

Rawlins, Ellis, Burrus & Kiewit, by Richard B. Sanders and Michael A. Curtis, Phoenix, for appellee.

STEVENS, Judge.

The appellants' motion to vacate a default judgment was denied and this appeal followed.

The Valley National Bank of Arizona was the plaintiff in the trial court. On 15 January 1965, the Bank filed a complaint containing two claims for relief. The defendants were Mr. and Mrs. Green who are not parties to this appeal, and Mr. and Mrs. Dart who are the appellants.

The first claim for relief was based upon a promissory note wherein the Greens were the makers and the Bank was the payee. Issues in relation to the first claim for relief are not before us. The second claim for relief is the one which we have under consideration and was based upon a promissory note wherein Mr. Dart was the maker and Mr. Green was the payee. Mr. Green endorsed the note to the Bank. The Greens, through their attorney, filed an answer to the complaint and a cross-claim against the Darts. The issues between the Greens and the Bank were resolved in favor of the Bank by the granting of the Bank's motion for summary judgment.

The Darts filed an answer to the Green's cross-claim. On 4 February 1965, the Darts filed a motion entitled:

"MOTION TO DISMISS AND FOR SUMMARY JUDGMENT AS TO DOROTHY DART"

The body of the motion was not limited to Mrs. Dart but was a general appearance by both Mr. and Mrs. Dart in that it stated:

"COMES NOW the defendants, William J. Dart and Dorothy A. Dart and move to dismiss the complaint on the grounds

and for the reason that the same fails to state a cause of action as to these answering defendants. * * * "

No action was taken on the motion until 8 September 1965. On that date one of the resident judges of the Superior Court for Maricopa County heard argument on the motion and entered an order. By its terms, the order denied "the motion of the defendant Dorothy M. Dart". There was no reference to Mr. Dart in this minute entry order. It is understandable that the court may have erroneously relied upon the caption in place of relying upon the body of the motion. Possibly the motion was argued only as to Mrs. Dart, the nature of the argument not being disclosed in the record. In any event, the record is silent as to any order ruling upon Mr. Dart's motion.

Rule 12(a) (1) of the Rules of Civil Procedure, 16 A.R.S., requires that:

> "If the court denies the motion * * * the responsive pleading shall be served within ten days after notice of the court's action."

No further pleading having been filed on behalf of the Darts, a courtesy letter was written by the Bank's attorney to the Dart's attorney stating:

> "According to my records it appears the time for the filing of the Answer on behalf of Dorothy A. Dart has elapsed. This letter shall constitute a ten-day extension to September 27, 1965, in which to file an Answer for Mrs. Dart. If you have not filed an Answer on her behalf by that time, I will be compelled to enter her default."

No additional pleading being filed on behalf of Mr. and Mrs. Dart, or either of them, the defaults of both Mr. and Mrs. Dart were entered on 30 September 1965. A default judgment was entered against the Darts. The judgment was later vacated by virtue of the plaintiff's failure to give the three day notice required by Rule 55(b) of the Rules of Civil Procedure. The Darts then moved to vacate the default and as

their proposed answer, they tendered the answer which they had filed to the Green cross-claim under the erroneous belief that it was a pleading to the merits of the Bank's claim against the Darts. The record before us is silent as to any ruling on this motion. A Rule 55(b) notice was given by the Bank and a new formal written judgment was filed on 30 December 1965. There followed two separate amended motions to vacate the judgment and the defaults, the last one having been filed on 15 February 1966. It is this motion and the ruling thereon which we now have under consideration.

In support of the motion, the Darts tendered affidavits and an answer which negatived the Bank's position as a holder in due course. They also presented defenses which would be available if the Bank was not a holder in due course. In opposition to the motion the Bank tendered the affidavit of the official with whom the note in question was assigned to the Bank by Green. This affidavit negatives the defenses in that it appears to disclose that the Bank's ownership is that of a holder in due course.

 It is well established that to justify vacating a default and its judgment, the moving party must show both excusable neglect and a meritorious defense. Wellton-Mohawk Irrigation and Drainage District v. McDonald, 1 Ariz.App. 508, 405 P.2d 299 (1965); Ramada Inns, Inc. v. Lane and Bird Advertising, Inc., 102 Ariz. 127, 426 P.2d 395, 12 April 1967. There was no oral testimony presented to the trial court. We have before us the identical record which was presented to the trial court. Under these circumstances we are free to reach our own independent judgment as to the merits of the motion. Even under these circumstances we do not substitute our judgment for that of the trial court unless we deem the decision of the trial court to be clearly erroneous. Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957); State

ex rel. Husky v. Oaks, 3 Ariz.App. 174, 412 P.2d 743 (1966).

In our evaluation of this appeal, we give consideration to the fact that Mr. Dart's motion to dismiss has not been ruled upon. Under these circumstances his default was not properly entered and the judgment against him cannot stand.

In determining whether or not a meritorious defense has been tendered, the trial court had before it the controverting affidavit of the Bank's official. We do not consider the affidavit of the Bank's official, the contents of which would be in the nature of rebuttal at a trial of the issues. We hold that it was not proper for the trial court to consider that affidavit. We do not negative the possibility that there may be circumstances wherein it is appropriate to consider controverting affidavits or to otherwise try the issues in relation to the merits of the defense. In the case of Wilshire Mortgage Corporation v. Elmer Shelton Concrete Contractor, Inc., 97 Ariz. 65, 397 P.2d 50 (1964), our Supreme Court reversed the trial court for its failure to vacate a default judgment as to one of four claims for relief. Therein the Supreme Court stated:

"* * * we are of the opinion that the defense raised here was of sufficient merit to require trial of the case, even though it might not be held to be a meritorious defense on final appeal of this litigation to this court.

"'The purpose of an affidavit of merits is not to determine the real facts of the case, nor, indeed, to settle finally the pleadings and issues upon which it is eventually to be tried'. Huff v. Flynn, 48 Ariz. 175, 178, 60 P.2d 931, 933 (1936)."

"* * * If it appears that the defense as amended may be held to be meritorious on the final disposition of the case, it is sufficient to require granting of the motion."

We hold that there was a sufficient showing of a meritorious defense.

A more serious question is presented to us in relation to excusable neglect. The Darts promptly took all steps necessary to protect their interests. Their attorney promptly entered their appearance by an appropriate motion even though the motion was not favorably considered as to Mrs. Dart. Some of the matters ultimately urged as a defense to the claim of the Bank were urged in relation to the cross-claim which the Greens filed against the Darts. Busy lawyers do not in all instances initially take the appropriate steps and, at times, one pleading can be mistaken for another. In Wilshire Mortgage, the Supreme Court recognized that:

"Motions to set aside default judgments arise only in situations of rush and confusion. Counsel are not required to submit perfect pleadings immediately. Huff v. Flynn, supra."

In our overall evaluation of this case we conclude that it was error to deny the last amended motion to vacate the judgment and its default.

This cause is reversed and remanded for further proceedings consistent with this opinion.

CAMERON, C. J., and LAURENS L. HENDERSON, Superior Court Judge, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this matter, Superior Court Judge LAURENS L. HENDERSON was called to sit in his stead and participate in the determination of this cause.