429 P.2d 11

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHOENIX, a corporation, Appellant,**

v.

**Irving F. FOGEL and Rhoda Fogel, Appellees.**

**No. I CA–CIV 447.**

Court of Appeals of Arizona.

June 14, 1967.

Rehearing Denied Aug. 14, 1967.

Brown, Vlassis & Bain, by George P. Vlassis, and C. Randall Bain, Phoenix, for appellant.

Pain & Julian, by Fred J. Pain, Jr., and Theodore A. Julian, Phoenix, for appellees.

STEVENS, Judge.

The appellant herein was the plaintiff in the Superior Court in an action to foreclose a mortgage. There were numerous parties-defendant including the Union Title Company, the Metropolitan Trust and the Fogels. The defaults of the Fogels were entered, followed by the entry of a default judgment of foreclosure. The Superior Court granted the motion of the Fogels to vacate the default judgment and the default, and this appeal followed.

In our recent opinion, filed 9 May 1967, in the case of Dart v. Valley National Bank, 5 Ariz.App. 365, 427 P.2d 346, we stated:

"It is well established that to justify vacating a default and its judgment, the

moving party must show both excusable neglect and a meritorious defense. Wellton-Mohawk Irrigation and Drainage District v. McDonald, 1 Ariz.App. 508, 405 P.2d 299 (1965); Ramada Inns, Inc. v. Lane and Bird Advertising, Inc., 102 Ariz. 127, 426 P.2d 395, 12 April 1967. There was no oral testimony presented to the trial court. We have before us the identical record which was presented to the trial court. Under these circumstances we are free to reach our own independent judgment as to the merits of the motion. Even under these circumstances we do not substitute our judgment for that of the trial court unless we deem the decision of the trial court to be clearly erroneous. Coco-Nino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957); State ex rel. Husky v. Oaks, 3 Ariz.App. 174, 412 P.2d 743 (1966)."

█ In the cause now under consideration, the record establishes that the Fogels were served and promptly turned the matter over to their attorneys. The Fogels were involved in a number of lawsuits and the attorneys were to represent them in the several actions. At about the time of service, the exact date not appearing in the record, Union Title Company was placed in receivership in a Maricopa County Superior Court action, not the action before us. This undoubtedly complicated the situation. Some disagreements arose between the Fogels and their attorneys and after the entry of the judgment, the attorneys were unsuccessful in their efforts to secure an order vacating the default and its judgment. The attorneys representing the Fogels in this appeal were then employed. A new motion to vacate was filed and granted. After a review of the file, we conclude that the trial judge did not abuse his discretion in finding excusable neglect.

A more difficult problem presents itself in relation to the meritorious defense. The record is not as complete as we would expect if this case had been presented to us on an appeal after a trial on the merits. It is sufficient for the purposes of this opinion. In the Superior Court, matters were presented in opposition to the showing of a meritorious defense, which, if established at a factual trial on the merits, might negative the defense. In Dart we stated:

"In determining whether or not a meritorious defense has been tendered, the trial court had before it the controverting affidavit of the Bank's official. We do not consider the affidavit of the Bank's official, the contents of which would be in the nature of rebuttal at a trial of the issues. We hold that it was not proper for the trial court to consider that affidavit. We do not negative the possibility that there may be circumstances wherein it is appropriate to consider controverting affidavits or to otherwise try the issues in relation to the merits of the defense."

We do not deem it necessary to set forth a detailed analysis of this complex file. On 14 November 1962, the defendant, Metropolitan Trust, executed the mortgage in question in which the plaintiff was the mortgagee. The mortgage was security for a promissory note in the sum of $60,000. One of the main contentions of the Fogels in their claimed meritorious defense is that Metropolitan Trust did not hold sufficient title to permit it to execute a valid mortgage.

Before detailing other dates, the history of the corporate structure of an organization bearing the name of Union Title Company will be set forth. Prior to 4 October 1962, there was a corporation named Union Title Company. Hereinafter we will refer to this corporation as Union Title No. 1. On 4 October 1962, a new corporation was formed named Union Title Insurance Co. On 17 October 1962 at 3:00 p. m., the corporate name of Union Title No. 1 was changed to Financial Corporation of Arizona. On the same date at 3:15 p. m., the corporate name of Union Title Insurance Co. was changed to Union Title Company, herein referred to as Union Title No. 2.

Going back to the chronology of dates, the record discloses a portion of the history of the title to the real property now in issue and we set forth a portion of that record. Under date of 31 October 1961, Fogel and others deeded to Union Title Company, Trust H–105. This deed was recorded 22 November 1961. It is obvious that the grantee was Union Title No. 1. On 22 March 1962, Fogel and Union Title Company, which again must have been Union Title No. 1, entered into a trust agreement setting up Trust H–112. In the trust agreement Fogel, dealing with his sole and separate property, is the sole beneficiary and broad powers were given to the trustee. The property in question and other properties were listed. There is a recitation that the beneficiary, Fogel, desires to convey the property to the trustee. There is a further provision which reads as follows:

"The provisions hereof shall insure (sic) to and be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto."

The trust agreement does not contain words of conveyance from Fogel to Union Title or from Trust H–105 to Trust H–112. The record does not contain an instrument transferring title from Trust H–105 to Trust H–112, nor does it contain a conveyance from Fogel to Union Title as trustee under Trust H–112.

With the change of name from Union Title Company to Financial Corporation of Arizona, the title to the property in question, held by Union Title No. 1 in its capacity as trustee, apparently passed to Financial Corporation of Arizona.

There is a deed from Union Title Company, Trust H–112, to Metropolitan Trust, the mortgagor, dated 15 November 1962, and recorded 27 November 1962. This deed apparently is the one relied upon by the plaintiff to vest title in Metropolitan Trust and to give life to the mortgage in issue. Immediately following the execution of the mortgage, Metropolitan Trust reconveyed to Union Title Company Trust H–112. This deed was dated 20 November 1962 and recorded 27 November 1962. The grantee, so far as it is reflected by the record before us, must have been Union Title No. 2.

We hold that a corporate trustee under Trust H–105 is, prima facie, a separate and distinct entity from the same corporation holding under Trust H–112. This holding does not preclude proof to the contrary.

On the basis of the record before us the following conclusions are warranted:

1. There was never a conveyance to transfer title from Trust H–105 to Trust H–112.

2. There was never a conveyance to transfer title from Union Title Company No. 1 to Union Title Company No. 2.

3. On November 15, 1962, title was vested in Financial Corporation of Arizona (formerly Union Title Company) as Trustee under Trust H–105.

4. The deed of November 15, 1962, was a nullity because Union Title Company as Trustee under Trust H–112 had nothing to convey.

We reiterate that the foregoing conclusions are based solely upon the record before us and could be dispelled by additional evidence.

■ We hold that the record before us establishes prima facie, a meritorious defense. In affirming the order which is the subject of this appeal, we do not in any way limit the pleadings which may be filed, the issues which may be framed, or the proof which may be presented by either party to this appeal. The order vacating the default judgment and the default is affirmed.

MELVYN T. SHELLEY and CHARLES L. HARDY, Judges of the Superior Court, concur.

NOTE: Chief Judge JAMES DUKE CAMERON and Judge FRANCIS J. DONOFRIO having requested that they be

relieved from the consideration of this matter, Superior Court Judges MELVYN T. SHELLEY and CHARLES L. HARDY were called to sit in their stead and participate in the determination of this cause.