447 P.2d 871

### The INDUSTRIAL COMMISSION of Arizona, Petitioner,

v.

### James Duke CAMERON, Chief Judge, Francis J. Donofrio, Judge, Henry S. Stevens, Judge, the Court of Appeals of the State of Arizona, Division One, Respondents,

and

### Patience Phyliss Luedecke and Steve Oscar Scott and Sylvia Sue Scott (The Mug), Real Parties in Interest.

### No. 9303.

Supreme Court of Arizona,
In Banc.

Dec. 5, 1968.

---

Robert D. Steckner, Chief Counsel, The Industrial Commission of Arizona, by Michael A. Lasher, Jr., Phoenix, for petitioner.

Nancy Krieg Skomp, Edward L. Dawson, M. Byron Lewis, Leonard M. Bell, Phoenix, for respondents.

Stephen S. Gorey, Phoenix, for real parties in interest.

LOCKWOOD, Justice.

The Industrial Commission of Arizona, hereinafter referred to as the "Commission", was granted a writ of certiorari by the Supreme Court of Arizona to determine whether the Court of Appeals erroneously concluded that it was without power to entertain a motion to dismiss a workman's compensation claim before that Court.

The pertinent facts are as follows. The Commission had refused to reopen a claim for workman's compensation on the ground that no new evidence had been offered to substantiate the petition for reopening.

The applicant for reopening of the claim, Patience Phyliss Luedecke, then filed a petition for a writ of certiorari in the Court of Appeals pursuant to A.R.S. § 23–951 for a review of the Commission's actions.

Luedecke thereafter failed to file an opening brief within the time prescribed by Rule 2, 17 A.R.S., Rules of the Arizona Supreme Court as applicable to the Court of Appeals under Rule 47. The Commission then filed a motion to dismiss the claim for failure to file the brief citing

Rule 7(a) of the same Rules of the Arizona Supreme Court as grounds for the motion to dismiss.

■ The Court of Appeals denied the motion to dismiss stating that A.R.S. § 23–951 deprived the Court of the right to grant the motion. The Court of Appeals argued that the statute requires review if a petition for writ of certiorari has been timely filed and held that the Court was required to review the record submitted by the Industrial Commission even though no briefs were ever filed by the applicant. Their argument was to the effect that A.R.S. § 23–951 creates a substantive right of review which cannot be eliminated or diminished by procedures established by the Court. We agree that the right to judicial review of the Industrial Commission's action is a substantive right, but, it does not follow that the manner in which that right is exercised may not be subjected to control through the use of procedural rules.

■ State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964) suggests the rationale for the above conclusion. That case involved procedural requirements for a case on appeal. There was an apparent conflict between A.R.S. § 12–2101 (statutory grounds stating when an appeal can be taken) and Rule 58(a), Rules of Civil Procedure, 16 A.R.S. (establishing the procedural conditions precedent to an appeal). The Court in that case was faced with a problem similar to the one presented here, namely whether the statutory right of appeal was substantive, thus precluding any control of that right through procedural rules. We there held that "while the right to appeal is substantive the manner in which the right may be exercised is subject to control through the use of procedural rules." The reasoning of that case is applicable here. It states that:

"Uniformly, the substantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress

for its invasion. It is often said the adjective law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective. [citations omitted]" 96 Ariz. at p. 110, 392 P.2d at p. 776.

Notwithstanding the substantive right to judicial review of workman's compensation cases, we hold that Rule 2, supra, is applicable to control the manner in which the right of review is exercised.

Rule 2 governing certiorari to the Commission provides that the petitioner shall file his brief within twenty days of the return day. Rule 2 provides no specific penalty for failure to file petitioner's opening brief.

Rule 5(f) relating to appeals provides that appellant's opening brief shall be filed within thirty days after the filing of the abstract of record and Rule 7(a) specifically provides for dismissal of the appeal for failure of appellant to file his opening brief within the prescribed time.

This Court has consistently held that proceedings on certiorari to review awards of the Industrial Commission are, in substance, appeals and should ordinarily be governed by the same principles. United States Fidelity and Guaranty Co. v. Industrial Commission, 42 Ariz. 422, 26 P.2d 1012 (1933); Di Paolo v. Calumet & Arizona Mining Co., 36 Ariz. 347, 285 P. 680 (1930); Maryland Casualty Co. v. Industrial Commission of Arizona, 33 Ariz. 490, 266 P. 11 (1928).

■ We hold that Rule 7(a), supra, (allowing dismissal of appeals for failure to file appeal briefs required by Rule 5) applies to Rule 2 as well as Rule 5.

■ This does not mean that the Court of Appeals is obliged to dismiss applicant's writ of certiorari to the Industrial Commission. It merely means that that Court should entertain the Commission's motion to dismiss the same as it would a motion to dismiss an appeal for failure of an appellant to file an opening brief. It

**616**

is within the discretion of the Court of Appeals whether it will now allow the applicant or the Commission to file briefs, hear the case without briefs, or dismiss pursuant to Rules 2, and 7, supra.

Remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER, and BERNSTEIN, JJ., concur.