449 P.2d 301

John Michael MORRIS, as Successor Trustee to the Union Title Company, Appellant,

v.

SOUTHWEST SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Appellee.

No. I CA–CIV 696.

Court of Appeals of Arizona.

Jan. 6, 1969.

Rehearing Denied Feb. 7, 1969.

Review Denied March 18, 1969.

Laurence H. Whitlow, Phoenix, for appellant.

Lewis, Roca, Beauchamp & Linton, by John P. Frank, Gerald K. Smith, Mariana M. Roca, Phoenix, for appellee.

STEVENS, Judge.

The issue presented to this Court is the propriety of the after judgment order entered by the trial court which denied the appellant's motion to intervene and which order in effect also denied other requested relief.

On 1 February, 1965, Southwest Savings and Loan Association, hereinafter referred to as Southwest, filed a mortgage foreclosure action. Among the defendants were Metropolitan Trust, a corporation, Union Title Company, a corporation as trustee and Union Title Company, a corporation, as well as other named and fictitious parties. The action sought to foreclose a

mortgage dated 7 June, 1963, wherein Metropolitan was the mortgagor and Southwest was the mortgagee. The mortgage related to lots 10 and 12, block 35, original townsite of Phoenix and was recorded on 28 June, 1963. One Ewing was appointed as the receiver in the foreclosure action, his certificate of appointment being dated 12 March, 1965.

Bushnell was later appointed as the receiver for Union Title and a pleading filed by him on 25 May, 1966, recited that he was appointed as receiver on 5 April, 1965.

Shortly after the commencement of the foreclosure action, Mr. and Mrs. Fogel were served. They filed a pleading on 27 May, 1965, whereby they placed in issue the consideration for the mortgage and the note thereby secured; the title and legal capacity of Metropolitan to execute the mortgage; their contention that the mortgage conveyed no interest whatsoever in the property; and their contention that Union Title held the property under trust No. H–105, Mr. Fogel claiming to be the sole beneficiary under said trust for himself and for others.

There were other issues between parties to the litigation which need not be recited in this opinion.

On 28 June, 1966, a judgment of foreclosure was entered which determined the Fogels' contentions adversely to the Fogels. Among other matters included in the judgment was a decision, " *  *  * that the mortgage is a valid and existing lien on the property covered by such mortgage and is a first lien on such property *  *  *". The judgment further contained a Rule 54(b), Rules of Civil Procedure, 16 A.R.S., determination. This judgment became final. On 28 March, 1967, further issues between other parties were reduced to formal written judgments. Receiver Ewing then filed his account and report of his receivership which was noticed for hearing for 21 April, 1967.

On 20 April, 1967, the appellant in his representative capacity, as noted in the caption to this opinion, made his first appearance in the cause by pleading entitled "MOTION TO INTERVENE, OBJECTION TO RECEIVER'S REPORT—MOTION TO VACATE JUDGMENT *  *  *". He urges that he had no prior notice of the foreclosure action and this assertion is not controverted. The pleading was verified. Morris alleged that he was " *  *  * the duly appointed, qualified and acting trustee, as a successor trustee, in certain indenture trust some, or all of which affect the property which is the subject of this cause of action". He further alleged that the foreclosure was void for want of indispensable parties. In this connection he alleged that the indispensable party was the Vinco Corporation. He alleged that prior to the mortgage in question, Union Title as trustee, sold the property in question to Vinco; that an escrow was established with Union Title and the escrow number was alleged; that a down payment was made and the amount thereof was alleged; that prior to the foreclosure action Vinco became the subject of a Chapter X reorganization proceeding in the United States District Court in Michigan and the pleading alleged the court and case number; that a restraining order was issued in connection with that proceedings; and that the property in question was included with the Chapter X proceeding. Morris further alleged that in a separate and distinct action, namely Maricopa County Cause No. 168136, Union Title as trustee, admitted that it had wrongfully permitted the property in question to be mortgaged.

■ Morris did not attach any exhibits to his pleadings. The motion was heard on 5 May, 1967 and at the conclusion of the hearing, the following order was entered, namely: "IT IS ORDERED that the Motion to Intervene is denied." The minutes of the hearing are silent as to any evidence being introduced and they are silent as to any request that the trial court take judicial notice of any other proceeding. The Court of Appeals reviews the action of the trial court in the light of the record pre-

sented to the trial court as the same appears in the record presented to the Court of Appeals.

■ There is no showing as to the source or extent of the Morris authority as successor trustee. There is no showing that Morris became successor trustee in the action now under consideration. There is no showing as to matters which relate to the property in question in connection with the Michigan bankruptcy proceeding. There is no showing as to the privilege of Morris to appear in the action now under consideration and to raise issues on behalf of Vinco. Persons who do not demonstrate their right to intervene are not entitled to intervene.

Rule 24(a), Rules of Civil Procedure, 16 A.R.S., amended as of 31 October, 1966, provides in part that:

"[u]pon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest."

In connection with the amendment, the note of the State Bar Committee found in the annotations to the rule contains the following comment:

"Whether a party is in fact so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interests is a question to be determined by the court; it is not sufficient that such an impairment or impedement is pleaded."

■ We deem the following statement contained in Miller v. City of Phoenix, 51 Ariz. 254, 75 P.2d 1033 (1938) to be pertinent even though Miller was decided prior to the time that Arizona conformed its civil rules to the federal rules;

"We hold, therefore, that the interest which an intervenor must have is a direct and immediate interest in the case, so

that the judgment to be rendered would have a direct legal effect upon his rights, and not merely a possible and contingent equitable effect."

In our opinion the record is not sufficient to demonstrate Vinco's right to intervene or the Morris right to appear on behalf of Vinco.

■ The appellant urges that the case of Siler v. Superior Court, 83 Ariz. 49, 316 P.2d 296 (1957) is controlling. In that case Siler was the person who held a beneficial interest in the liquor license in question and was the same person who sought to intervene. This Court considered Siler in the case of City of Flagstaff v. Babbitt, 8 Ariz. App. 123, 443 P.2d 938 (1968). In the City of Flagstaff case, the issue as to indispensable party was raised by one who was a party to the action. In the case which we now have under consideration, the issue was not raised by one who was a party to the action and no showing was made before the trial court or before this Court that Morris stands in the shoes of Vinco. Rule 19 of the Rules of Civil Procedure is entitled "Joinder of Persons Needed for Just Adjudication" and was amended effective 31 October, 1966. In the case now under consideration there is no showing that Vinco was "a person who is subject to service of process", this being a requirement of Rule 19(a). There was no showing that the absence of Vinco required the trial court to "determine whether in equity and in good conscience the action should (not) proceed among the parties before it". Rule 19(b). From our examination of the matters presented, we fail to find a basis upon which that kind of determination should have been made.

This Court has cited Rules 19(a) and 24 (a) as they were amended effective 31 October, 1966. This date was subsequent to the filing of the action and to the entry of the first judgment and was prior to the entry of the second judgment as well as to the time of filing of the motion the denial of which is the subject of this appeal. These rules were amended pursuant to § 5,

Art. VI of the Constitution, A.R.S. wherein it is stated that "[t]he Supreme Court shall have: * * * 5. [p]ower to make rules relative to all procedural matters in any court. * * *" The rule changes did not affect the substantive law but did affect the procedural law. This is made clear by the order of the Arizona Supreme Court entered on 1 July, 1966, at the time the rule changes were promulgated which order recited in part: "Order adopting certain revised rules of civil procedure for the superior courts of Arizona. IT IS ORDERED: * * * 2. That the rules hereby promulgated shall take effect and be enforced on and after midnight of the 31st day of October, 1966."

■ Arizona amended Rule 19 is similar to amended federal Rule 19. While it is true that the language of the order which promulgated the amended federal rule is phrased differently than was the Arizona Supreme Court's order, it is our opinion that the import of both of these orders is the same, that is, that from and after the designated effective date they would govern procedures thereafter taken. Two cases of interest in this connection are La Vale Plaza, Inc., v. R. S. Noonan, Inc., (D.C.Pa.1966), 41 F.R.D. 4, affirmed 378 F.2d 569; D. A. Foster Equipment Corp. v. Fidelity and Casualty Company of New York, 262 F.Supp. 278 (D.C.Md., 1966). In our opinion the case of Industrial Commission v. Cameron, 103 Ariz. 613, 447 P.2d 871, further supports these views.

Vinco is not before us and we express no opinion as to whether Vinco has any rights in the property and if there be rights, whether these rights were in any way prejudiced by the non-joinder of Vinco in the action, if indeed it was possible to join Vinco in the action. This opinion in no manner determines the presence or absence of any Vinco rights.

■■ It is urged that the 14 June, 1967 opinion of this Court in First Federal Savings and Loan Association of Phoenix v. Fogel, 5 Ariz.App. 560, 429 P.2d 11, decides that by reason of the sequence of the Union Title corporate organization the mortgage was void. This contention is raised for the first time on appeal and cannot be sustained for the following reasons. Even as between the parties to an action the issue could not be raised for the first time on appeal. The documents which were before the trial court in connection with our 14 June opinion related to an entirely different Superior Court Cause, that cause being number 169100. These same documents were not before the trial court in the case now under consideration and are not before this court on appeal. Our 14 June opinion was not an affirmative adjudication as to the invalidity of a mortgage. That opinion related to the propriety of an order vacating a default judgment the order being based upon a prima facie showing of a meritorious defense. We expressly qualified our opinion by stating on page 562, 429 P.2d on page 13:

"We hold that a corporate trustee under Trust H–105 is, prima facie, a separate and distinct entity from the same corporation holding under Trust H–112. This holding does not preclude proof to the contrary.

    *    *    *    *    *    *

"We hold that the record before us establishes prima facie, a meritorious defense. In affirming the order which is the subject of this appeal, we do not in any way limit the pleadings which may be filed, the issues which may be framed, or the proof which may be presented by either party to this appeal. The order vacating the default judgment and the default is affirmed."

We agree with the implied finding of the trial court that there was an absence of the showing necessary to require the granting of the Morris petition to intervene as of the date and under the circumstances disclosed by the record. The trial court having denied the petition to intervene it was

not called upon to give consideration to the other phases of the motion.

The order appealed from is affirmed.

DONOFRIO, C. J., and MARY ANNE RICHEY, Judge of the Superior Court, concur.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge MARY ANNE RICHEY of the Superior Court was called to sit in his stead and participate in this decision.