458 P.2d 982

**Patience Phyliss LUEDECKE, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Steve Oscar Scott & Sylvia Sue Scott (the Mug), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA-IC 179.**

Court of Appeals of Arizona, Division 1.

Department A.

Sept. 16, 1969.

Rehearing Denied Oct. 23, 1969.

Review Denied Dec. 9, 1969.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Robert D. Steckner, Acting Chief Counsel, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Ronald M. Meitz, Phoenix, for respondent carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review a finding and award of the Industrial Commission of Arizona which denied claimant a hearing on her petition to reopen. This matter has previously been before this Court and was the subject of an opinion by the Arizona Supreme Court on issues not pertinent to the matter now before us. Industrial Commission v. Cameron, 103 Ariz. 613, 447 P.2d 871 (1968).

We are called upon to determine whether or not the Commission was correct in denying claimant a hearing on her claim.

The petitioner was injured in September of 1965 when she slipped on a slick floor, fell to a sitting position, and injured her lower back. A report was timely filed and the claim was accepted for benefits by the Industrial Commission. On 9 October 1965 the petitioner was notified that she had to submit proper claim forms before the Commission could process the matter further. Petitioner was not represented by an attorney at this time. On 30 November 1965 the Commission issued the following "Findings and Award":

"FINDINGS

"That said applicant suffered an injury by accident arising out of and in the course of his (sic) employment on September 3, 1965.

"That said applicant has filed claim but has failed to furnish sufficient information upon which compensation, if indicated, can be paid under the provisions of the Workmen's Compensation Law.

"The Commission finds that said applicant is entitled to accident (medical) benefits on the basis of the existing reports.

AWARD

"IT IS THEREFORE ORDERED that medical benefits are hereby awarded and that payment shall be made to those lawfully claiming same.

"IT IS FURTHER ORDERED that this Commission shall consider the payment of compensation benefits should said applicant furnish the required information."

This "Award" contained no 20–day or 30-day clause or other notice to petitioner that if she failed to act that the decision of the Commission would become final.

The file before us is silent until June of 1967 when it indicates that she retained the services of the attorneys herein to represent her. On 9 June 1967 there was filed a "Petition and Application for Readjustment or Reopening of Claim" asserting that she was totally or partially disabled and in need of further medical care, and after further proceedings, including the denial of petitioner's request for a hearing, a petition for writ of certiorari was filed in this Court.

§ 23–901 A.R.S. defines "award" as follows:

"1. 'Award' means the finding or decision of the commission of the amount of compensation or benefit due an injured employee or the dependents of a deceased employee.

\* \* \* \* \* \*

"7. 'Order' means and includes any rule, regulation, direction, requirement, standard, determination or decision of the commission."

Our Supreme Court has discussed this rule recently:

"In O'Neill v. Martori, 69 Ariz. 270, 212 P.2d 994 (1949), we discussed the meaning of the term 'award' as used in the Arizona Workmen's Compensation Law. Citing A.C.A. § 56–930 (1939) (as amended, A.R.S. § 23–901, subsec. 1, the statute which rules the instant case), we noted

that 'award' applied to any finding or decision of the Commission of the amount of compensation or benefit due an injured employee. The Commission action of March 17, 1965, specifically found that petitioner was 'not entitled to compensation,' and thus was an award within the meaning of the Workmen's Compensation statute." Russell v. Industrial Commission, 104 Ariz. 548, 552, 456 P.2d 918, 922 (1969).

Section 23–951 A.R.S. provides that a petitioner may apply to this Court for a "writ of certiorari to review the lawfulness of the award." Our Supreme Court has stated:

"* * * It is fundamental that a right of review exists only by force of statute, and where no review is afforded by statute, the Supreme Court has no jurisdiction to pass upon the merits of the controversy. Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732. In order to exercise such right of review a party must bring himself within the conditions prescribed by statute conferring the right. (citations omitted) That there is a distinction between an 'order' and an 'award' is well settled—they are not synonymous.

*   *   *   *   *   *

"In light of the above statutory definitions and our previous interpretations thereof, it seems obvious that when the Commission refused to convert to a lump sum payment the compensation theretofore awarded to petitioner, its decision was an 'order' rather than an 'award'. * * *." Gashette v. Industrial Commission, 80 Ariz. 5, 6, 7, 291 P.2d 783 (1955).

We feel that the "Findings and Award" of 30 November 1965 was not an award within the meaning of the statutes. It would therefore follow that there having been no final award in the matter, the Petition for Readjustment or Reopening has no effect inasmuch as the claim was never "closed". It would also follow that the petitioner being entitled to at least one hearing, the motion for hearing should have been granted. As our Supreme Court has recently stated:

"The Commission may make an award without a hearing as long as a dissatisfied party to the award may have a full, impartial hearing at his timely request. * * *." Russell v. Industrial Commission, supra, 104 Ariz., at 552, 456 P.2d, at 922.

By deciding as we do that the document entitled "Findings and Award" filed 30 November 1965 was not an award upon which both the Commission and the petitioner could rely as to finality we do not wish to criticize the Commission for the type of order entered. We find it quite proper within the framework of the Industrial Commission statute that the Commission pay medical benefits at the same time withholding the payment of compensation benefits until such time as the applicant furnishes the required information for further proceedings by the Commission. This is especially true in the case wherein the petitioner is not represented by counsel. We believe the order of the Commission was proper.

Petitioner also complains that the Industrial Commission has refused to consider certain medical reports allegedly sent to the Commission which the Commission denies receiving. At such time as there is a hearing on this matter, the petitioner will, of course, have a full opportunity to present such medical evidence as she may have to sustain her contention.

The matter being prematurely before this Court, the writ is quashed.

DONOFRIO, P. J., and STEVENS, J., concur.