511 P.2d 691

Patience Phyliss **LUEDECKE**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

The Mug, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. **I CA–IC 726.**

Court of Appeals of Arizona, Division 1, Department B.

July 10, 1973.

Gorey & Ely by Stephen Gorey, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, Robert K. Park, Chief Counsel, State Compensation Fund, and Ronald M. Meitz, Phoenix, for respondents employer and carrier.

EUBANK, Presiding Judge.

We issued our writ of certiorari to review the lawfulness of The Industrial Commission's findings and award in two particulars:

"1. Whether there was sufficient competent evidence upon which to affirm the referee's [Hearing Officer's] Decision Upon Hearing and Findings and

Award *Denying Reopening of Claim* entered on June 17, 1971?

"2. Whether the Commission erred in not granting a hearing on the merits in lieu of a hearing on the Petition to Reopen following the abortive hearing of April 10, 1970?"

We answer the first question in the affirmative and the second question in the negative; and we affirm the findings and award of the Commission.

This case already has had an extensive history of litigation. It first appears as Industrial Commission v. Cameron, 103 Ariz. 613, 447 P.2d 871 (1968), and then in Luedecke v. Industrial Commission, 10 Ariz.App. 362, 458 P.2d 982 (1969). The facts are set out in the latter case; consequently they will not be repeated here. We held in the 1969 Luedecke decision that:

". . . [T]he 'Findings and Award' of 30 November 1965 was not an award within the meaning of the statutes. It would therefore follow that there having been no final award in the matter, the Petition for Readjustment or Reopening [filed by Luedecke] has no effect inasmuch as the claim was never 'closed'. It would also follow that the petitioner being entitled to at least one hearing, the motion for hearing should have been granted [by the Commission]." (10 Ariz. App. at 364, 458 P.2d at 984).

The matter was set aside and the Commission proceeded to hold the required hearing. It was held on April 10, 1970, and on June 2 the Commission issued its award providing that the petitioner had sustained no residual physical or mental disability as a result of her injury and awarding accident benefits through September 14, 1965. This award contained the 30-day provision for review. No request for review was filed and the award became final. A.R.S. § 23–942. Petitioner filed several petitions to reopen, which were denied; and then requested a hearing, which was granted. The hearing took place in Albuquerque, New Mexico, on April 2, 1971, the petitioner's residence at the time.

■ Our review of the record reveals that the medical evidence was in conflict, and that the testimony of Dr. Edward Parnall was sufficient to sustain the Commission's denial of petitioner's petition to reopen the claim. His testimony was that petitioner's present back problems were not related to her industrial injury of September 3, 1965. The petitioner argues that Dr. Parnall's testimony is based on "nonexistent facts". We disagree. It is clear from reading the record that the various medical experts differed in their interpretations of the X-ray evidence.

It is therefore our opinion that the evidence is sufficient to affirm the Commission's award.

■ The second and last question deals with whether the hearing of April 10, 1970, at which the petitioner did not personally appear, complied with our decision in Luedecke v. Industrial Commission, supra. We have reviewed the record and hold that the hearing did comply with our opinion. The failure of the petitioner to keep the Commission and her attorney advised of her current address did not act to remove the jurisdiction of the Commission to hold the hearing as ordered by this Court. *See* The Industrial Commission Rules of Procedure 43, 44 (1963), and Rule 9, The Industrial Commission Rules of Procedure (1970). In any event she was represented by her counsel of record.

The award is affirmed.

JACOBSON, C. J., and HAIRE, J., concur.