NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DOUGLAS E. BROWN, TRUSTEE OF THE BROWN & BROWN LAW
OFFICES, P.C. PROFIT SHARING PLAN AND TRUST, *Plaintiff/Appellee,*

*v.*

SANDRA J. HOPE, *Defendant/Appellant.*

No. 1 CA-CV 20-0059
FILED 2-11-2021

Appeal from the Superior Court in Apache County
No. S0100CV201700098
The Honorable D. Steven Williams, Judge *Pro Tempore Retired*

**AFFIRMED**

COUNSEL

Brown & Brown Law Offices, PC, Eagar
By Douglas E. Brown, Amy Brown
*Counsel for Plaintiff/Appellee*

Sandra J. Hope, Phoenix
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**C A T T A N I**, Judge:

¶1             Sandra Hope appeals the superior court's order declining to set aside a default judgment foreclosing a tax lien on real property in Apache County.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             CMEGO, LLC, a Nevada limited liability corporation, with Hope as its statutory agent, held title to the property at issue until 2017.  In 2014, Brown & Brown Law Offices, P.C., Profit Sharing Plan and Trust, acting through its trustee, Douglas E. Brown ("Brown & Brown"), purchased a tax lien on the property.  Three years later, Brown & Brown filed a tax lien foreclosure and quiet title action against the property and named CMEGO in its complaint.  Brown & Brown repeatedly attempted service on Hope, as CMEGO's statutory agent, but failed to effectuate service.  The court thereafter authorized service by alternative means.

¶3             In November 2017, the court entered an unsigned default judgment against CMEGO, and Brown & Brown obtained a judgment deed against the property.  One year later, acting as a "defendant pro se," Hope filed a motion to set aside the default judgment.  Hope asserted that the judgment was improper because she was never properly served and that she had paid the taxes due on the property.

¶4             The superior court held oral argument on Hope's motion but concluded that Hope was not authorized to appear on behalf of CMEGO because she was not a licensed attorney.  The court granted additional time to allow Hope to hire an attorney.  Nevertheless, several weeks later, Hope filed multiple motions requesting to appear telephonically and asserting that she was entitled to proceed without an attorney.

¶5             The court then issued a signed order finding (1) as a non-attorney, Hope was not authorized under the Arizona Rules of the Supreme Court to appear or file motions on behalf of CMEGO, and (2) Hope lacked standing in her individual capacity because she was not a party named in

the action. The following month, Hope filed an emergency motion for reconsideration, asserting that newly discovered evidence showed CMEGO's business license was revoked in 2016—before Brown & Brown served CMEGO via alternative service. The superior court denied the motion.

¶6 Hope appealed, but this court stayed the appeal pending a signed and final order under Rule 54(c). After the superior court issued such an order, we reinstated the appeal. Brown & Brown filed a motion to dismiss based on Hope's lack of standing to represent CMEGO or to appear as a party, but this court denied the motion, concluding that (1) Hope could appear in the Court of Appeals on her own behalf to challenge an order denying a personal motion to set aside, and (2) an order denying a motion to set aside a default judgment is generally appealable as a special order after final judgment. We have jurisdiction over Hope's appeal under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶7 Hope challenges the superior court's denial of her motion to set aside. She argues that the court erred by finding that she lacked standing to appear in her individual capacity, and she asserts that she was entitled to represent CMEGO even as a non-attorney. Absent a clear abuse of discretion, we will not disturb the superior court's denial of a request to set aside a default judgment. *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983).

## I. Standing.

¶8 Hope argues that because CMEGO's business license was "revoked" under Nevada law, she is the correct real party in interest and should have been personally named in the complaint, and therefore she should be able to stand in the shoes of CMEGO or otherwise litigate the action. We review questions of standing de novo. *City of Tucson v. Pima County*, 199 Ariz. 509, 514, ¶ 10 (App. 2001). Arizona courts treat standing not as a jurisdictional rule, but rather "solely a rule of judicial restraint." *Id.* at ¶ 11 (citation omitted). To have standing, "a party must have a 'direct stake' in the outcome of the case." *Id.* (citation omitted).

¶9 Hope asserts that CMEGO is a defunct corporation, and that when it ceased to exist, she became the sole owner of the property at issue. Hope thus asserts that she is the real party in interest.

¶10 CMEGO was established as a limited liability company organized under Nevada law, so Nevada law controls the method and effect of dissolution. *See* A.R.S. § 29-801(A)(1) (2020) ("The laws of the state or another jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the liability of its members . . . .").[1] Hope's argument fails because she has not shown that CMEGO has been dissolved. Nevada law requires companies to prepare articles of dissolution, Nev. Rev. Stat. § 86.531(1), and the record does not contain CMEGO's articles of dissolution, only an edited printout from a website that Hope provided. Additionally, Hope fails to prove her alleged ownership interest in CMEGO's property. Nevada law dictates how an LLC's property is distributed upon dissolution, and the record contains no evidence regarding winding up of the property. *See* Nev. Rev. Stat. § 86.521; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1037 (9th Cir. 2010). Moreover, even assuming CMEGO was dissolved as Hope asserts, Nevada law provides that an LLC may sue and be sued for two years after its dissolution. Nev. Rev. Stat. § 86.505(1). Brown & Brown filed this action less than one year after the date Hope claims CMEGO was dissolved. Therefore, CMEGO continued to exist for purposes of defending this action, and Hope was not entitled to intervene as a nonparty to set aside the default judgment.

¶11 In limited circumstances, an aggrieved person whose interests are directly affected by a judgment may timely move to set aside such judgment, even when he or she is not a party. *Liston v. Butler*, 4 Ariz. App. 460, 466 (App. 1966). But for a nonparty to move to set aside the judgment, the nonparty must concurrently have the right to intervene. *See Woodbridge Structured Funding, LLC v. Arizona Lottery*, 235 Ariz. 25, 30, ¶ 23 (App. 2014); *see also* Ariz. R. Civ. P. 24(a). Here, Hope has not pursued a motion to intervene. Nor has she otherwise established a right to intervene. *See Morris v. Sw. Sav. & Loan Ass'n*, 9 Ariz. App. 65, 68 (App. 1969). Intervention by right requires that the intervenor's interests are not already represented by an existing party. Ariz. R. Civ. P. 24(a)(2). And in this case, Hope's interests in the property and the lawsuit do not diverge from those of CMEGO, which remained a suable entity for purposes of this litigation. *See* Nev. Rev. Stat. § 86.505(1).

---

[1] This statute was repealed effective August 31, 2020 as part of the recodification of the Arizona Limited Liability Company Act. *See* 2018 Ariz. Sess. Laws, ch. 168, § 3 (53d Leg., 2d reg. sess.). As relevant here, the substance of the law remains unchanged, although it has been restyled and renumbered. *See* A.R.S. § 29-3901(A).

**¶12**      Finally, Hope argues that Brown & Brown failed to name the correct party in its complaint—asserting that she, rather than CMEGO, should have been named as the defendant.  Rule 10(a), (d) of the Arizona Rules of Civil Procedure requires the complaint to name all known parties.[2]  And because companies continue to exist after dissolution for the purpose of lawsuits under Nevada law, Nev. Rev. Stat. § 86.505(1), Brown & Brown correctly named CMEGO as a known party.  *See* Ariz. R. Civ. P. 10(a).

## II.      Rule 31.

**¶13**      Brown & Brown argues that Arizona Rule of Supreme Court 31 precludes Hope from representing CMEGO as a *pro per* litigant.  Rule 31 prohibits any person from practicing law in this state unless he or she is an active member of the state bar.  Ariz. R. Sup. Ct. 31.1(a)(1), 31.2(a).  We review de novo issues involving interpretation of court rules.  *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App. 2008).

**¶14**      Hope does not dispute that she is not a licensed attorney.  Instead, she argues that she should be able to represent CMEGO as a *pro per* litigant because Mr. and Ms. Brown, counsel for Brown & Brown, also represent their entity *pro per* without entering a notice of limited appearance.

**¶15**      Hope's arguments are unavailing because a corporation or other legal entity can only appear in court through an attorney.  *Ramada Inns, Inc. v. Lane & Bird Advert., Inc.*, 102 Ariz. 127, 128 (1967).  Until an entity appears in court through an active member of the state bar, its appearance is defective.  *Glenn H. v. Hoskins*, 244 Ariz. 404, 406, ¶ 3 n.1 (App. 2018).  A lawyer can represent his or her own legal entity only if an attorney–client relationship is formed.  *See Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 362–63 (App. 1987).  An attorney who forms an attorney–client relationship with his firm or his partners is not a *pro per* litigant.  *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 127, ¶ 7 (App. 2014).

**¶16**      Because Mr. Brown and Ms. Brown, both licensed attorneys, have formed an attorney–client relationship with Brown & Brown, their

---

[2]      Hope contends that the superior court should have applied Rule 104(a) through (e) of the justice court rules, which provide procedures for naming plaintiffs, defendants, and necessary and indispensable parties.  Ariz. Just. Ct. R. Civ. P. 104.  But because this case arose in superior court, the Arizona Rules of Civil Procedure govern; the justice court rules do not.  *Compare* Ariz. Just. Ct. R. Civ. P. 101(b), *with* Ariz. R. Civ. P. 1.

representation does not violate Rule 31. *Id.* Ms. Brown entered a general appearance as Brown & Brown's attorney under Rule 5.3(a)(1) in January 2019, so there was no need for her to limit her appearance. This general notice of appearance established Ms. Brown's attorney–client relationship with Brown & Brown for the duration of the litigation. *See* Ariz. R. Sup. Ct. 42; ER 1.2(c). In contrast, as a nonlawyer, Hope cannot represent CMEGO. *See* Ariz. R. Sup. Ct. 31.1(a)(1), 31.2(a); *Glenn H.*, 244 Ariz. at 406, ¶ 3 n.1.

**¶17** Further, because CMEGO has not appeared through an attorney, it has not yet entered an appearance in this case. *Glenn H.*, 244 Ariz. at 406, ¶ 3 n.1. Therefore, we do not consider Hope's arguments on the merits of the tax lien foreclosure action, the validity of the certificates of purchase, nor the adequacy of service of process. These merits-based arguments can only be brought by CMEGO through an attorney, not by Hope in her individual capacity. *See id.*

## III. Attorney's Fees and Costs on Appeal.

**¶18** Brown & Brown requests an award of costs and fees incurred on appeal pursuant to ARCAP 25. In our discretion, we decline to award attorney's fees as a sanction.

## CONCLUSION

**¶19** The superior court did not abuse its discretion by determining that Hope lacked standing to represent CMEGO. Therefore, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA