453 P.2d 362

Ralph B. HAVER and Mildred Haver, husband and wife, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA; the Honorable William H. Gooding, Judge of the Superior Court of the State of Arizona, In and For the County of Maricopa, Respondents;

MERCHANTS CREDIT EXCHANGE, Real Party In Interest.

No. 1 CA–CIV 1053.

Court of Appeals of Arizona.

April 16, 1969.

Rehearing Denied May 12, 1969.

Review Denied June 17, 1969.

Hiser, Aranda & Bruno, by H. Louis Hiser, and Thomas Aranda, Jr., Kingman, for petitioners.

Walter F. Kessler, Phoenix, for respondents.

STEVENS, Judge.

The petitioners seek to compel the Respondent Judge to vacate an order setting aside a default. The default was entered by the Clerk of the Superior Court. The default was entered in relation to a counterclaim which the petitioners filed in a Justice Court civil action which counterclaim was in excess of the jurisdiction of the Justice Court. No judgment was entered after the entry of the default on the counterclaim.

The petitioners sought extraordinary relief in the Court of Appeals. After a hearing held by this Court pursuant to Rule 1 of the Rules of the Arizona Supreme Court [17 A.R.S.] the petition was taken under advisement. Without assuming jurisdiction and to enable this Court to determine whether it should assume jurisdiction, this Court entered an order directing that the Superior Court files be sent to the Court of Appeals. The files have been received. The order further directed "* * * that no further orders be entered in relation to and that no further proceedings be entertained in relation to Maricopa County Superior Court Civil Cause number C–209907."

Upon an examination of the file forwarded from the Superior Court, this Court concluded that the order vacating the default was appropriately entered. This Court could then have entered a minute entry order dismissing the petition pursuant to Rule 47(d) of the Rules of the Supreme Court. However, the Court is of the opinion that the matter presented is of statewide concern and has elected to write a formal opinion.

Merchants Credit Exchange filed a $319.-29 civil suit on an assigned account filing the same in the Justice Court on 8 Decem-ber, 1967. The petitioners before the Court of Appeals were the defendants in the Justice Court action. The defendants filed an answer. Plaintiff submitted interrogatories which the defendants answered. Thereafter the defendants filed a counterclaim in the sum of $35,000, a sum in excess of the maximum jurisdiction of the Justice Court. The Justice Court jurisdiction is a sum "less than five hundred dollars." A.R.S. § 22–201, subsec. B.

The jurisdiction of the Justice Court has been the subject of legislation. See Chapter 44, Laws of 1964 and Chapter 13, Laws of 1968. In both acts the Legislature considered the procedure to be followed when a counterclaim in excess of the Justice Court jurisdiction is filed in a Justice Court action. In this connection both acts are identical. A.R.S. § 22–201, subsec. F reads as follows:

"If in any action before a justice of the peace a party files a verified pleading which states as a counterclaim a claim in which the amount involved, exclusive of interest and costs, is five hundred dollars or more, the justice shall so certify in his docket, and at once stop further proceedings in the action, and forward all papers, together with a certified copy of his docket entries in the action, to the superior court, where the action shall be docketed and determined as though originally brought in the superior court. Such party shall pay to the clerk of the superior court the same fees required to be paid by a defendant, and no other party in the action before the justice of the peace shall be required to pay any sum. If such party is finally adjudged to be entitled to recover on the counterclaim, exclusive of interest and costs, less than five hundred dollars, the superior court may deny costs to him and may, in addition, impose costs, including a reasonable attorney's fee, on him. The superior court shall have original jurisdiction of the action, but it may at any time in furtherance of convenience or to avoid prejudice, or if it appears that

the amount involved in the counterclaim, exclusive of interest and costs, is less than five hundred dollars, remand the action, or any claim or counterclaim of which the justice court has jurisdiction, to the justice court and may order costs."

The initial counterclaim was filed on 16 February, 1968. It was not verified as required by statute and an amended counterclaim was filed on 23 February, 1968. This was verified. On the last stated date, the plaintiff filed in the Justice Court a "motion to dismiss defendants' counterclaim and motion for summary judgment." On 28 February, 1968, the Justice of the Peace certified his docket entries. The Clerk of the Superior Court gave notice to both counsel that the papers had been received from the Justice Court on 29 February, 1968. On 14 March, 1968 the $10 filing fee was paid to the Clerk of the Superior Court. On that date *all* of the pleadings filed in the Justice Court were refiled with the Clerk of the Superior Court in Civil Cause No. C–209907. There does not appear to be any requirement that the plaintiff be notified as of the date that the Superior Court filing fee has been paid or as to the date that the record was officially filed in the Superior Court.

The motion to dismiss and the motion for summary judgment were not scheduled for argument in the Superior Court, the caption of these motions not bearing the notation "oral argument requested." Rule V(b) of the local rules for Maricopa County; 17 A.R.S. See also Rule IV(c) and (d) of the Uniform Rules of Practice, 17 A.R.S. No memorandum in opposition to these motions was filed either in the Justice Court or in the Superior Court. See Rule IV(a), Uniform Rules of Practice.

On 6 May, 1968 on request of the counterclaimant the Clerk purported to enter the default of the plaintiff as to the counterclaim. It is this default which is the subject matter of the request for relief presented to the Court of Appeals.

The plaintiff not being aware of the entry of default made inquiry of the office of the Clerk of the Superior Court as to when the motions filed with the Justice Court and refiled with the Superior Court at the time of the payment of the fee would be heard. Counsel was informed that the motions should again be filed in the Superior Court with a Superior Court caption. This was done on 24 January, 1969. This resulted in action on the part of the counterclaimants. The counterclaimants, also called the defendants, sought to strike the motions filed on 24 January. At the hearing on the motion to strike the plaintiff orally moved for an order vacating the 6 May, 1968 default. The motion was granted. The plaintiff did not file a motion to vacate the default pursuant to Rules 55(c) and 60(c) of the Rules of Civil Procedure, 16 A.R.S. The defendants urge that the failure to proceed in accordance with these rules deprived the Respondent Judge of the jurisdiction to set aside the default.

The petitioners before this Court urge that with the filing of the verified counterclaim in the Justice Court on 23 February, 1968, the Justice Court lost jurisdiction and that the motions which the plaintiff filed with the Justice Court were void and of no effect. We agree that with the filing of a proper verified counterclaim in excess of the jurisdiction of the Justice Court, the Justice Court was required to "at once stop further proceedings in the action." The Justice of the Peace was then required to "forward *all* papers, (Emphasis Added) together with a certified copy of his docket entries in the action, to the superior court", not "at once" but with reasonable dispatch taking the time necessary to do that which is required by law to be done. This was done in the matter now before us.

A motion to dismiss is a responsive pleading. A default cannot be entered in the face of such a motion and is premature. Whitlock v. Boyer, 77 Ariz. 334, 271 P.2d

484 (1954) ; Phoenix Metals Corporation v. Roth, 79 Ariz. 106, 284 P.2d 645 (1955); Dart v. Valley National Bank of Arizona, 5 Ariz.App. 365, 427 P.2d 346 (1967) and Rules 12(a), 12(b) and 55(a), Rules of Civil Procedure (16 A.R.S.).

█ A.R.S. § 22–201, subsec. F does not preclude the filing of a pleading with the Justice Court which is responsive to a counterclaim, even though the counterclaim is in excess of the Justice Court jurisdiction. Under the statute it is possible that an action may be remanded to the Justice Court and it could well be good practice to file a responsive pleading to a counterclaim which is in excess of the jurisdiction of the Justice Court.

█ The plaintiff's motions were received and filed by the Justice Court. The plaintiff's motions were forwarded to the Superior Court and in the Superior Court they were filed. The plaintiff was not in default on the counterclaim at the time of the purported entry of the default on 6 May, 1968 and the entry was premature. The plaintiff was not required to refile his motions with the Clerk of the Superior Court using Superior Court caption. The plaintiff was not required to comply with Rule 55(c) or Rule 60(c).

We are not called upon to determine the computation of the time to answer a counterclaim filed in excess of the Justice Court jurisdiction in the situation wherein no responsive pleading was filed in the Justice Court. We are not called upon to determine the validity or the timeliness of a counterclaim now before us. We limit our question to the propriety of the order vacating the default.

█ The order vacating the default was proper. The entry of the mandate in relation to this opinion will constitute an order vacating this Court's order suspending further proceedings in the Superior Court and will constitute an order dismissing the petition filed in this Court.

DONOFRIO, C. J., and CAMERON, J., concur.