585 P.2d 881

Thomas L. GRAHAM, Appellant,

v.

GOODYEAR AEROSPACE CORPORA-
TION, ARIZONA DIVISION,
Appellee.

No. 13775–PR.

Supreme Court of Arizona,
In Banc.

Oct. 2, 1978.

Jerome & Gibson by Alan M. Schiffman, Phoenix, for appellant.

Snell & Wilmer by Daniel J. McAuliffe, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This action for breach of contract was dismissed in Superior Court. The Court of Appeals reversed. We granted review to settle an apparent conflict with *Haver v. Superior Court*, 9 Ariz.App. 422, 453 P.2d 362 (1969). Opinion of the Court of Appeals, *Graham v. Goodyear Aerospace Corporation*, 120 Ariz. 275, 585 P.2d 884 (App.1978) affirmed as here supplemented.

On October 2, 1975, appellant Thomas L. Graham filed a complaint asserting a breach of contract arising out of Goodyear Aerospace's refusal to pay him disability benefits as provided by the collective bargaining agreements entered into by Goodyear and appellant's union, the International Association of Machinists and Aerospace Workers, Aerospace Lodge No. 763. Before filing its answer, Goodyear filed a motion to dismiss. Since the motion to dismiss was supported by exhibits and an affidavit, it has been treated as a motion for summary judgment pursuant to Rule 12(b), Rules of Civil Procedure, 16 A.R.S.

Prior to the ruling on the motion to dismiss, appellant submitted a motion to amend the complaint together with a proposed amended complaint. The amended complaint added appellant's union as a party defendant. The Superior Court denied appellant's motion to amend, and dismissed with prejudice his claim against Goodyear.

It granted the motion to add as a party defendant the International Association of Machinists and Aerospace Workers.

The Court of Appeals reversed as to Goodyear, holding that neither a motion to dismiss nor a motion for summary judgment is a responsive pleading within the meaning of Rule 15(a), Arizona Rules of Civil Procedure, 16 A.R.S. We agree. To the extent that *Haver v. Superior Court*, supra, may suggest otherwise, it is overruled. Appellant, under Rule 15(a), was entitled as a matter of course to amend his complaint with respect to Goodyear.

Judgment of the Superior Court reversed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.