636 P.2d 1246

Simon BELCHER, Petitioner/Appellant,

v.

Robert RAINES, Institutional Administrator, Arizona State Prison, Respondent/Appellee.

No. 2 CA–CIV 4003.

Court of Appeals of Arizona, Division 2.

Sept. 30, 1981.

Rehearing Denied Nov. 9, 1981.

Review Denied Dec. 1, 1981.

Frederic J. Dardis, Pima County Public Defender by Allen G. Minker, Tucson, for petitioner/appellant.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Phoenix, for respondent/appellee.

## OPINION

HOWARD, Judge.

Appellant, an inmate at the Arizona State Prison in Florence, Pinal County, Arizona, filed a special action in the Pima County Superior Court against the prison administrator. Rule 4(b) of the Rules of Procedure for Special Actions, 17A A.R.S., states that a special action shall, in the case of state officer or body, be brought either in Maricopa County or in the county of the plaintiff's residence. This section is in general accord with Arizona's venue statute, A.R.S. § 12–401. See State Bar Committee Note, Rule 4(b).

 Appellant contended that since his home is in Tucson and not the prison, his residence is Pima County. The trial court did not agree and dismissed the action. We affirm.

 Appellant argues that the word "residence" as used in the rule means "domicile". We do not agree. The purpose of the venue portion of the rule is to permit the plaintiff to have the action brought in a convenient place. Cf. *Sil-Flo Corporation v. Bowen*, 98 Ariz. 77, 402 P.2d 22 (1965). If he is living in Pinal County but is domiciled in Pima County, he does not have to go to Pima County to file a special action. We hold the word "residence" as used in the rule means where the petitioner is living without regard to his domicile.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.