827 P.2d 469

**DOUGLAS N. HIGGINS, INC.,**
**a Michigan corporation,**
**Plaintiff–Appellant,**

**v.**

**Richard B. SONGER, Defendant–**
**Appellee.**

**No. 1 CA–CV 90–077.**

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 24, 1991.

Review Denied April 21, 1992.

Paytas, Lutich, Bernstein, Shannon & Fleming by Thomas W. McLellan and Lawrence J. Fleming, Phoenix, for plaintiff-appellant.

Brnilovich & Associates by David Brnilovich, Phoenix, for defendant-appellee.

## OPINION

### KLEINSCHMIDT, Judge.

This case concerns the procedures and notice necessary to domesticate a foreign judgment under Arizona's version of the Uniform Enforcement of Foreign Judgments Act, A.R.S. sections 12–1701 to 12–1708. The provisions we are concerned with read as follows:

**§ 12–1703. Notice of filing**

A. At the time of the filing of the foreign judgment, the judgment creditor or his lawyer shall make and file with the clerk of the superior court an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor.

B. Promptly upon the filing of the foreign judgment and the affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor shall mail a notice of the filing of the judgment to the judgment debtor and shall file proof of mailing with the clerk.

**§ 12–1704. Stay of enforcement of judgment**

. . . .

C. No execution or other process for enforcement of a foreign judgment filed under § 12–1702 shall issue until twenty days after the date the clerk shall have mailed the notice of filing of the foreign judgment.

## FACTS

In 1985, Douglas N. Higgins, Inc. obtained a judgment in the State of Michigan in the amount of $62,850 against Richard B. Songer. On December 9, 1988, Higgins' Arizona attorney sought to domesticate the judgment in Arizona by filing an authenticated copy of the Michigan judgment with the Clerk of the Superior Court of Maricopa County and an affidavit listing the address of the judgment creditor and the last known address of Songer, the judgment debtor. He also filed with the clerk a notice of the filing directed to the judgment debtor. The notice carried a notation "1 copy mailed certified, 1 copy mailed regular." The creditor's attorney did mail two copies of this notice to the debtor, one by first class mail and one by certified mail. The clerk of the superior court also mailed a notice of filing of the foreign judgment to the debtor. All the notices listed the debtor's address as "16807 East Jacklin Drive, Fountain Hills, AZ 85268," and all mailings were to that address. The judgment creditor had obtained this address from the debtor's ex-wife, who knew this was his residence. The judgment debtor lived at the address to which the notices were sent, but he received his mail at a post office box. On January 5, 1989, the creditor recorded the judgment.

All notices mailed to the debtor were returned marked "undeliverable as addressed." The creditor's attorney then checked the records of the Maricopa County Assessor's Office and found three parcels of property which were apparently owned by the debtor. Each of the parcels listed a different address for the debtor. Two of the parcels had street addresses, and one had a post office box address of P. O. Box 17558, Fountain Hills, Arizona, 85268.

On January 25, 1989, the creditor's attorney sent letters to the three addresses. Two were returned undelivered, but the letter sent to the post office box was not

returned. That letter stated that a judgment in favor of Douglas N. Higgins, Inc. in the amount of $62,850 had been entered, but did not state that the foreign judgment had been filed in Arizona, and did not give the Maricopa County Superior Court case number of the enforcement action. The debtor does not deny receiving this letter.

On March 3, 1989, the creditor's attorney filed a notice of deposition with the court, and mailed a copy of this notice to the debtor at his post office box. The deposition notice carried the Maricopa County Superior Court case number.

On April 21, 1989, the debtor filed a motion to dismiss for insufficiency of service of process and lack of notice. On April 26, the creditor's attorney filed an amended notice of filing of foreign judgment, an amended affidavit in support of filing foreign judgment, and an amended proof of mailing. The only difference between these and the original notice, affidavit, and proof of mailing, was that the originals bore the debtor's residential address and the amended documents bore his post office address: Post Office Box 17558, Fountain Hills, AZ 85268. The amended notice specifically said that a foreign judgment was being filed in Arizona. The creditor's attorney mailed copies of the amended notices by regular and certified mail to the debtor and to his attorney, and the debtor admits that he received them.

The debtor filed a motion to strike the amended notices and affidavits for lack of jurisdiction because of the creditor's failure to comply with the statutory requirements for domesticating a foreign judgment. His motion lacked specificity, and we have no transcript of the argument on the motion. On appeal, however, the debtor's position turns on the argument that his residential street address is not the same thing as his post office address as that term is used in the statute. Hence, the argument goes, both the original affidavit in support of the filing of the judgment, and the original notice sent to him were inadequate. The debtor also asserts that the January 25 letter was deficient because it did not inform him that the Michigan judgment was being lodged in Arizona.

The debtor also argues that the amended affidavit and amended proof of mailing were of no effect because they were "pleadings" which were filed without leave of court after the motion to dismiss had been filed. Rule 15(a), Arizona Rules of Civil Procedure, requires leave of court to file an amended pleading once a response to the original has been served.

The trial court granted Songer's motion to dismiss and motion to strike. The court's minute entry of dismissal states:

> [P]laintiff has failed to meet the requirements of A.R.S. § 12–1703(B), strict compliance with this was not accomplished and thus this Court must as a matter of law, grant Defendant's Motion.
>
> Plaintiff's pleadings apparently attempting to correct defective notice and service having been filed after the Motion to Dismiss,
>
> IT IS ORDERED granting Defendant's Motion to Strike.
>
> IT IS FURTHER ORDERED granting Defendant's Motion to Dismiss.

This ruling, for several reasons, was error.

### THE EFFECT OF THE AMENDED NOTICE

The trial judge apparently assumed that the initial notice of filing the foreign judgment was defective because it did not contain the debtor's actual post office address, and she apparently believed that the attempts at amendment came too late and that she therefore lacked jurisdiction to do anything but dismiss. The debtor's argument in support of this conclusion is flawed. A notice of filing a foreign judgment is not a pleading. See Rule 7(a), Arizona Rules of Civil Procedure, and *Romo v. Reyes*, 26 Ariz.App. 374, 375, 548 P.2d 1186, 1187 (1976). Nor is a motion to dismiss a claim a responsive pleading within the meaning of Rule 15(a), Arizona Rules of Civil Procedure. *Graham v. Goodyear Aerospace Corp.*, 120 Ariz. 272, 273, 585 P.2d 881, 882 (1978). Accordingly, even if the original documents were defective, we can see no reason why the amended notice

of filing foreign judgment, amended affidavit, and amended proof of mailing should have been stricken. Given that conclusion, at the very least, the Michigan judgment was properly domesticated as of the time that the amended affidavit and notices were filed. The trial judge had jurisdiction of the matter and was under no compulsion to grant, and indeed should not have granted, the motion to dismiss. We turn to the more basic question whether the initial notice of filing was defective.

## NOTICE OF LODGING FOREIGN JUDGMENT

■ The statute requires that notice of the lodging of a foreign judgment must be sent to the judgment debtor's last known post office address. A.R.S. § 12–1703(A) and (B). The debtor concedes that actual notice is not required, but asserts that a creditor must exercise due diligence in ascertaining a debtor's last known post office address. In this case, the debtor insists that at least at first, the creditor failed to exercise the requisite diligence.

The judgment creditor initially relied solely on a residential address that it had obtained from the debtor's former wife. The creditor made no effort to search any city or county records in the area where the debtor lived until after the original notices were returned undelivered.

Of course, a person's post office address and residence address are not always the same. *See Dawson v. Meier,* 78 N.W.2d 420, 428 (N.D.1956); *Belcher v. Raines,* 130 Ariz. 464, 465, 636 P.2d 1246, 1247 (App.1981). Notwithstanding these distinctions, we assume that the vast majority of people actually receive their mail where they live. In other words, for most people, residential address and post office address are one and the same. Here, the plaintiff had an address, complete with zip code, received from a person who would have reason to know where the defendant lived. For the reasons we explain below, we believe that the plaintiff's attempts to give notice satisfied the statute and that the Michigan judgment was properly domesticated in Arizona.

The parties have not cited, and we have not found, any case that deals with whether a creditor is required to exercise due diligence in discovering the debtor's last known post office address or whether a creditor, in the absence of information to the contrary, may presume that mail addressed to a residence will be delivered. In our opinion, given that constitutional considerations require no notice of post-judgment proceedings, we believe that the judgment creditor in this case satisfied the demands of the statute.

One case that bears on the issue peripherally is *Gedeon v. Gedeon,* 630 P.2d 579 (Colo.1981), in which the Supreme Court of Colorado, construing the Uniform Enforcement of Foreign Judgments Act, held that the debtor was not entitled to actual notice and a hearing before a foreign judgment was entered in the Colorado court. It pointed out that the basic requirements of notice and hearing had been met by the court which originally entered the judgment. It went on to observe:

It is not entirely clear what precisely due process requires by way of procedures for post-judgment filings such as this. However, when the creditor's interest in collecting a valid judgment is balanced against a debtor's interest in keeping his property, which has already been protected by prior notice and hearing, in our view, the due process requirements of the United States Constitution, amendment XIV, are satisfied by the procedures of the Act. The Act requires that notice be mailed to the last known address of the debtor and that there be a ten-day stay of execution. The Act also has liberal provisions for an additional stay of enforcement of the judgment and for further hearings. While these procedures may not comply with the strict requirements of *Fuentes* [v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)] *supra,* those procedures are not required in post-judgment proceedings. *See* Dunham, *Post Judgment Seizures: Does Due Process Require Notice and Hearing?* 21 S.D.L.Rev. 78 (1976). We find that the procedures of the Act am-

ply protect the appellant's due process rights. *Bittner v. Butts*, 514 S.W.2d 556 (Mo.1974).

What was true in *Gedeon v. Gedeon* is true in the case before us—basic due process was satisfied when notice and an opportunity to defend the action was afforded in Michigan. The domestication of the Michigan judgment is, in essence, a post-judgment proceeding and a prelude to execution on the judgment, for which no personal notice is required. *See Knight v. DeMarcus*, 102 Ariz. 105, 425 P.2d 837 (1967); *Cagle v. Carlson*, 146 Ariz. 292, 705 P.2d 1343 (App.1985). In fact, under the somewhat parallel procedure provided for by federal law, a judgment entered in one district may be registered in another without any notice provided to the judgment debtor whatsoever. *See* 28 U.S.C.A. § 1963.

Given how little is constitutionally required in the way of post-judgment notice, we do not believe that our legislature intended to require a judgment creditor to do any more than the plaintiff did in this case to notify the debtor that the Michigan judgment was being domesticated in Arizona. We assume that in referring to a post office address, the legislature simply intended to require that notice be sent to the place where the debtor receives mail. When all that was required is that notice be sent to the last known such address, we believe that it was reasonable for the creditor to send the notice to the debtor's residence.

The order of the trial court dismissing or vacating the plaintiff's judgment is reversed. This case is remanded to the trial court with directions. to reinstate the Michigan judgment and treat that judgment as having been properly filed on December 9, 1988.

GERBER, P.J., and LANKFORD, J., concur.