### Richard J. PRESTENBACK

#### v.

**EMPLOYERS' INSURANCE COMPANIES, Underwriters at Lloyd's, London, Humble Oil & Refining Company, Goodyear Tire & Rubber Company, A B C Corporation and X Y Z Insurance Company.**

#### Civ. A. No. 14356.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 11, 1969.

Marvin C. Grodsky, New Orleans, La., for plaintiff.

Rene A. Curry, Jr., Drury, Lozes, Young & Curry, New Orleans, La., for Employers' Liability Assur. Corporation, Ltd.

Clarence A. Frost, Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for Underwriters at Lloyd's of London.

Cicero C. Sessions, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for American Hoist & Derrick Co.

Ralph L. Kaskell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for Humble Oil & Refining Co. and Employers' Liability Assur. Corporation, Ltd.

HEEBE, District Judge:

The case is before the Court on the motion of John Horace DeFreiz, individually and on behalf of all the underwriters at Lloyd's subscribing to the Lloyd's of London policy to dismiss for failure to join indispensable parties.

The plaintiff was employed by Williams-McWilliams Industries, Inc., and allegedly sustained personal injuries in the course of his employment. In this Court plaintiff sued the insurers of Williams-McWilliams, Inc., as well as several other corporate defendants. The insurers of Williams-McWilliams, Inc., are (1) Employers' Liability Assurance Corporation, Ltd. (Employers) and (2) The Institute of London Underwriters (Lloyd's). The plaintiff did not join his employer or any of its officers or supervisory personnel in this suit despite the fact that the plaintiff alleged in paragraph 3 of his original complaint that the accident was partly attributable to their negligence.[1] It is obvious that the plaintiff did not join them in the suit because their joinder would defeat diversity jurisdiction.[2] However, the plaintiff has sued the parties described in paragraph 3 of his complaint in a state court suit entitled Richard J. Prestenback v. L. R. Thornton, O. M. Gauthreaux, Louis Olivier, Frank Burns, Harold Walker, Murle Nunnery, "Martin," "Bradshaw," "Moody," and Dreyfus Supply & Machinery Corporation. The suit is No. 421–321 on Docket 4 of the Civil District Court for the Parish of Orleans.[3]

The original complaint in this case was filed on March 16, 1964. F.R.Civ.P. 19 was amended effective July 1, 1966. The amended rule must now be applied to this case.[4] As amended, Rule 19 does away with most of the prior distinctions between necessary and indispensable parties. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Davila Mendez v. Vatican Shrimp Co., 43 F.R.D. 294 (S.D.Tex.1966); Gram v. May, 41 F.R.D. 52 (E.D.Pa.1966).

"The new Rule 19 is designed to ameliorate the catechistic distinction between 'necessary' and 'indispensable'

---

1. The mover claims that several officers and supervisory personnel of Williams-McWilliams, namely, L. R. Thornton, O. M. Gauthreaux, Louis Olivier, L. M. Martin, Frank Burns, Harold Walker and C. W. Bradshaw, are indispensable parties together with Williams-McWilliams Industries, Inc.

2. The plaintiff is a citizen of Louisiana, as are the officers and personnel of Williams-McWilliams (listed in fn. 1); the defendants herein are all citizens of other states. 28 U.S.C. § 1332(c) which applies to "causes of action arising after [August 14, 1964]," is not applicable to this case since the cause of action arose on or about March 22, 1963.

3. The state court suit is "A Petition for Damages" in the amount of $966,000. The attorney of record in the state court suit is Marvin C. Grodsky who also represents the plaintiff in this suit.

4. The order of the Supreme Court amending Rule 19 and other civil procedure rules, 383 U.S. 1030, 1031, stated in part:

"* * * that the foregoing amendments and additions to the Rules of Civil Procedure shall take effect on July 1, 1966, and shall govern all proceedings and actions brought thereafter and also in all further proceedings and actions then pending, except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies."

The application of amended Rule 19 in this proceeding would be feasible and would not work an injustice since another forum, the state court, is available to the plaintiff where complete relief can be accorded among all the parties. See also, D. A. Foster Equipment Corp. v. Fidelity & Casualty Co. of N. Y., 262 F.Supp. 278 (D.Md.1966).

parties, which had sometimes subordinated logic and reality to historical encrustations. Under the present rule pragmaticals are to be the solvents of joinder problems, replacing former rigid terminological descriptions of parties. We are not to be pinioned by categorical imperatives. Instead, the effect of the parties and on the litigation process is to be the fulcrum of decision." Broussard v. Columbia Gulf Transmission Co., 398 F.2d 885 (5th Cir. 1968) At 888.

In these days of exploding dockets, we welcome the opportunity to explore the pragmatical aspects of joinder problems as dictated by amended F.R.C.P. 19. See Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 327 (1957).

F.R.C.P. 19, subparts (a) and (b) provides:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

"(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Rule 19(a) defines two classes of persons who *should* be joined in the action, and then provides that such persons *shall* be joined *if* they are subject to service of process and their joinder will not deprive the court of jurisdiction over the subject matter. Rule 19(b) provides that if the joinder of a person described in subpart (a) is impossible or would deprive the court of jurisdiction, the court may dismiss the action or allow it to proceed, depending upon the court's determination of the equities involved. Rule 19(b) sets out the factors to be considered by the court in determining whether or not the case should be dismissed for failure to join a person described in Rule 19(a).

It is obvious that in applying Rule 19 to the facts of the case presently before us, we must first determine whether the persons which the mover claims to be indispensable do in fact come within the description given in Rule 19(a) (1) or (2). If they do and their joinder would deprive this Court of jurisdiction,

we would then have to consider the factors listed in Rule 19(b) in order to decide whether or not the case should be dismissed for failure to join those persons.

We turn now to the first issue— whether or not Williams-McWilliams Industries, Inc., and its officers and supervisory personnel fall within either classification of persons defined in Rule 19(a) (1)-(2).

Employers' coverage [5] extends to Williams-McWilliams' executive officers, directors or stockholders, and Lloyd's coverage [6] extends to managing employees as well as to executive officers, directors or trustees. According to the terms of Lloyd's insurance policy, in certain instances, it is only an excess insurer. An examination of some of the possible verdicts that could be rendered by a jury in this case conclusively shows that in the absence of the nonjoined persons, this Court cannot grant complete relief among those already parties. F.R.C.P. 19(a) (1).

For example, the jury could find that the plaintiff's injuries were proximately caused by the joint negligence of a managing employee and a regular fellow employee of plaintiff. In this instance, Lloyd's would be responsible for any amount over $25,000 to the limit of its policy. However, none of the defendants in the action before us would be responsible for the first $25,000. Employers' is not responsible for the negligence of such employees under its policy, and neither the individual tortfeasors nor the vicariously liable Williams-McWilliams is a party to this action. Therefore, the plaintiff would not realize the full amount of his judgment in this proceeding, and this Court would not be rendering complete relief among the parties.

Secondly, suppose the jury finds that plaintiff's injuries were caused by the negligence of a managing employee but awards an amount for damages less than $25,000. Since Employers' does not cover managing employees and since Lloyd's is an excess insurer in this situation, the plaintiff would take nothing from this case after a three- or four-day trial because there would be no one in the case against whom a judgment could be rendered. If this occurs, this Court would not be rendering complete relief among the parties.

As a third possibility, the jury could find that the plaintiff's injuries were caused by a fellow employee not covered under the terms of either policy

---

5. See Lemmons v. Zurich Ins. Co., 403 F.2d 512 (5th Cir. 1968), especially footnote 1. In this case Employers' policy provides in pertinent part:

"* * * to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * *."

Clause 3 of the insurance policy, provides in pertinent part:

"The unqualified word 'insured' includes the name insured and also includes (1) under Coverages B and D, any executive officer, director or stockholder thereof while acting within the scope of his duties as such, * * *."

6. Lloyd's policy provides in pertinent part: "It is agreed that the word 'assured' wherever used herein includes any executive officer, managing employee, director or trustee while acting within the scope of his duties as such."

The policy further provides:

"It is expressly agreed that the underwriters herein shall be liable only for the excess amounts recoverable under the following insurances:

"(i) Comprehensive general liability policy, including automobile liability, with bodily injury limits of $100,000 each person/$300,000 each occurrence, property damage limits of $500,000 each occurrence. * * *"

"It is agreed that where claims are not within the terms of the above-named insurances, then these underwriters shall be liable only for the excess of loss over $25,000 in respect of each and every accident or occurrence or series of accidents or occurrences arising out of one event. * * *"

or that the plaintiff's injuries were not caused by anyone's negligence, thereby exonerating Employers' and Lloyd's from liability in this Court. The plaintiff, however, could then proceed with the state court suit against his employer and its officers and supervisory personnel named in that suit. It is conceivable that in a trial in the state court, the defendants who are not parties to this suit could be found to be negligent managing employees [7] liable to the plaintiff for his injuries. Under these circumstances, the adjudged negligent managing employees could proceed against Lloyd's to respond under its policy.[8] Lloyd's would thereby be exposed to liability twice for the same accident. Moreover, the public interest would also be violated in at least two respects. Multiplicity of lawsuits resulting from the same essential subject matter and inconsistent verdicts directly undermine the public interest in judicial efficiency and consistency. Davila Mendez v. Vatican Shrimp Co., *supra*; see also, The Notes of the Advisory Committee on Rules, quoted *infra*.

We realize that there are instances in which this Court could render complete relief among the parties before it but the crucial factor is that there are several possible verdicts which could not be satisfied in this Court and which could be satisfied in state court where all the parties are present. Moreover, it is impossible for us to protect those who are parties to this suit from inconsistent verdicts or double exposure. It is obvious, therefore, that this Court can only render partial or hollow relief in the absence of the parties not joined in this action.

The Notes of the Advisory Committee on Rules, in discussing 19(a) state in part:

"New subdivision (a) defines the persons whose joinder in the action is desirable. Clause (1) stresses the desirability of joining those persons in whose absence the Court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court. The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter."

In this case, the plaintiff, for reasons known only to himself, has filed two separate suits; one in state court and another in federal court. The filing of two separate suits is not only more expensive for the plaintiff but the public must bear the burden of double expenses for two suits. In this case the probability that the plaintiff will have to pursue both suits is very high; yet the public interest clearly militates against repeated lawsuits on the same subject matter. Therefore, in the interest of the parties as well as in the interest of the public in avoiding a multiplicity of litigation, we find the nonjoined parties to be within the classification of persons defined in Rule 19(a) (1).

Having decided that the parties who were not joined fall within the category of persons who, under section (a) should be "joined if feasible," we come to the second issue of the case. It is obvious that the joinder of these parties would destroy the diversity jurisdiction of this Court. Therefore, we must look to

7. The defendants in state court are not parties to this suit and would not be protected by the doctrine of *res judicata* as it exists in Louisiana since they are not identical with the defendants before this Court. Furthermore, the doctrine of collateral estoppel offers no solace to the defendants in state court since there is no collateral estoppel in Louisiana. See Shell Oil Co. v. Texas Gas Trans-

mission Corp., 176 So.2d 692 (La.App. 4th Cir. 1965). The *Shell Oil* case did apply collateral estoppel but only by adoption of federal law in a conflicts situation.

8. Lloyd's would not be protected by *res judicata* or collateral estoppel either. See footnote 7.

Rule 19(b) in applying the "equity and good conscience" test of that section to determine whether or not we should dismiss the action or proceed without the parties. This decision is to be made in the light of pragmatic considerations, see Provident Tradesmens Bank & Trust Co. v. Patterson, *supra*, and Broussard v. Columbia Gas Transmission Co., *supra*.

The controlling factors to be examined under Rule 19(b) in this case are: (1) whether a judgment rendered in the absence of the indispensable parties will be adequate and (2) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. We find these two factors so compelling that we need not discuss the other factors outlined in Rule 19(b).[9]

Since we have clearly demonstrated above that we cannot grant complete relief among the parties to this action, we need only discuss the second factor. Here, it is obvious that another forum is available to plaintiff—the state court. Plaintiff now has a suit pending in state court against the parties who were not joined in this action, and the dismissal of this suit will in no way deprive plaintiff of an adequate remedy in the state court proceeding.[10]

For the foregoing reasons, it is the order of the Court that the defendant's motion to dismiss for failure to join indispensable parties be, and the same is hereby, granted.

9. See Broussard v. Columbia Gas Transmission Co., *supra*, in which the Fifth Circuit Court of Appeals limited its discussion to the factors which it found to be most critical under Rule 19(b).

10. The alleged negligent officers and supervisory personnel and the employer of plaintiff are present as defendants in the state court suit. All of the defendants in this suit can readily be joined, if not already joined, in the state court suit. See La.Code of Civil Procedure, Arts. 641–647 (1960). Nor would prescription present a problem since it would not have run in favor of any of the defendants in this Court inasmuch as the filing of the present suit and the service of process has interrupted prescription as to all the defendants in this suit. La.R.S. 9:5801 (as amended 1960) provides:

"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."

As to corporate defendants, La.R.S. 12:66 provides:

"In all suits against corporations, all prescriptions against corporations shall be interrupted by the filing of the suit in the court having jurisdiction of the action against the corporation."

See also, Hotard v. Brodr Wilhelmsen Aktieselskabet, 23 F.2d 668 (5th Cir. 1928); Knight v. Louisiana Power and Light Company, 160 So.2d 832 (La.App. 4th Cir. 1964); and Lipps v. Zor, Inc., 170 So.2d 915 (La.App. 4th Cir. 1965).