**TROY TOWERS TENANTS ASSOCIATION, Plaintiff,**

v.

**Robert BOTTI, etc., et al., Defendants.**

**Civ. A. No. 81–921.**

United States District Court, D. New Jersey.

Dec. 29, 1981.

Carl E. Ring, Union City, N. J., for plaintiff.

James F. Campise, Union City, N. J., for defendant Hudson Troy Towers Corp.

OPINION

FISHER, Chief Judge.

Plaintiff, Troy Towers Tenants Association, moves this court for summary judgment alleging that the amendment to the Union City rent stabilization ordinance is an unconstitutional deprivation of property without due process of law. Plaintiff additionally seeks (1) a declaratory judgment that the fuel surcharge allowed by the Union City Rent Stabilization Board in February 1981, without prior notice and hearing, is an unconstitutional deprivation of due process of law; (2) an injunction against any further collection of the surcharge; and (3) an order requiring the landlord to give the tenants a credit for, or rebate to them, all moneys collected as a surcharge in February 1981.

In January 1980 Union City amended its rent stabilization ordinance to permit landlords to apply for a fuel surcharge allowing them to pass along to tenants a portion of any increase in fuel costs. The amendment

provides that landlords may apply *ex parte* to the Rent Stabilization Board for a fuel surcharge. If a surcharge application is granted, the landlord must notify the tenants of the surcharge and may begin collecting it thirty days after notifying the tenants. The tenants have fifteen days from the time they receive notice to appeal the grant of the surcharge to the Union City Board of Commissioners.

In February 1981 the Rent Stabilization Board granted an application by Hudson Troy Towers Corporation for a fuel surcharge. The Troy Towers Tenants Association appealed to the Board of Commissioners arguing that the amendment to the rent stabilization ordinance violated the due-process clause of the fifth and fourteenth amendments to the Constitution by failing to provide notice and hearing prior to granting a surcharge. The Board of Commissioners stated that it could not rule on constitutional issues; nevertheless, the Board of Commissioners set aside the surcharge pending a judicial determination of the constitutional issues.

Troy Towers Tenants Association filed suit in the district court challenging the constitutionality of the amendment to the Union City rent stabilization ordinance. The district court stayed its proceedings pending a determination by a state court of all underlying state-law issues. Hudson Troy Towers Corporation filed suit in the Superior Court of New Jersey, Hudson County, challenging the action of the Board of Commissioners. The Superior Court reinstated the surcharge. Troy Towers Tenants Association moved in the district court to vacate the stay. The motion was denied and appealed. The Third Circuit vacated the stay order and remanded the case for consideration of the issues raised by the pleadings.

Rule 19(a) of the Federal Rules of Civil Procedure provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

The purpose of rule 19 is to bring before the court all persons whose joinder would be desirable for a just adjudication. Wright & Miller, Federal Practice and Procedure: Civil § 1604 at 32 (1972). In Wright & Miller, Federal Practice and Procedure: Civil § 1604 at 36 (1972), the authors state:

The first joinder standard, which is prescribed in rule 19(a)(1), is designed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute. In addition, it furthers the interest of the public in judicial economy by avoiding repeated lawsuits involving essentially the same subject matter.

See, e.g., *Bixby v. Bixby*, 50 F.R.D. 277, 280–81 (S.D.Ill.N.D.1970); *Prestenback v. Employers Insurance Companies*, 47 F.R.D. 163, 167 (E.D.La.N.O.D.1969).

■ Rule 19(a)(1) is applicable to lawsuits involving cities and local governments. Cities and local governments will be required to be joined as parties when they will be affected by the lawsuit or when adequate relief cannot be awarded in their absence. Wright & Miller, Federal Practice and Procedure: Civil § 1617 at 181 (1972).

■ In this suit plaintiff seeks summary judgment declaring the amendment to the Union City rent stabilization ordinance is unconstitutional. Neither the City of Union City nor the Rent Stabilization Board

has been named as a party in this suit. In order to effectively and completely adjudicate the dispute before this court and to serve the interest of judicial economy by avoiding repeated lawsuits involving the same subject matter, the City of Union City and the Union City Rent Stabilization Board should be joined as parties to this suit.

Therefore, plaintiff's motion is denied. Plaintiff's request for additional relief is also denied. Defendants will submit an order within 10 days. No costs.