**Billy J. TEMPLE**

v.

**SYNTHES CORPORATION.**

**Civ. A. No. 87–4581.**

United States District Court, E.D. Louisiana.

July 24, 1989.

---

Jeffrey Raines & Alan R. Sacks, Sacks & Eason, New Orleans, for plaintiff.

A. Lane Plauche, Plauche, Smith & Niesset, Lake Charles, La., Andrew L. Plauche, Jr., Plauche & Maselli, New Orleans, La., for defendant.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

A hearing was held on defendant's Motion to Dismiss for Failure to Join Parties Needed for Just Adjudication, on Wednesday, May 10, 1989. Following oral argument, the matter was taken under advisement. For the following reasons, it is hereby ORDERED that plaintiff be given twenty (20) days within which to join as parties Dr. S. Henry LaRocca and St. Charles General Hospital. If plaintiff fails to join said parties within the time prescribed, it is ORDERED that plaintiff's suit be DISMISSED.

This matter arises as a result of an alleged improper operable procedure pursuant to which a "plate and screw device" was implanted in plaintiff's lower spine. Due to injuries allegedly sustained from this surgical implant, plaintiff has sued Synthes Corporation ("Synthes"), the manufacturer of the "plate and screw device," in federal court; and has sued Dr. S. Henry LaRocca, the doctor who performed the implant surgery, and St. Charles General Hospital, the hospital where the surgery was performed, in state court.

Rule 19 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may ... as a practical matter impair or impede his ability to protect that interest....

In this case, the joinder of the pertinent parties will not deprive this Court of jurisdiction.[1] Further, the instant case is not one where a claim against the named defendant can proceed without effect upon the absent parties. This is evidenced by the fact that all three parties, i.e., Synthes, Dr. LaRocca and St. Charles General Hospital, have been included in the federal court status conferences. Additionally, all three parties have been involved in the discovery which has taken place in connection with the federal proceeding.

Finally, and perhaps most importantly, the absent parties should be joined in this federal proceeding in the interest of judicial economy. As stated by the United States Supreme Court in *Provident Tradesmens Bank and Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the courts and the public, as well as the litigants, have an interest in "complete, consistent, and efficient settlement of controversies." *Patterson*, 88 S.Ct. at 739. In *Prestenback v. Employers' Insurance Co.*, 47 F.R.D. 163 (D.C.La.1969), Judge Heebe elaborated on this point, stating: "The filing of two separate suits is not only more expensive for the plaintiff but the public must bear the burden of double expenses for two suits.... [As such,] the public interest clearly militates against repeated

1. Diversity is not destroyed because plaintiff is domiciled in Mississippi and the parties ordered to be joined are domiciled in Louisiana.

lawsuits on the same subject matter." *Prestenback*, 47 F.R.D. at 167.

Accordingly, IT IS ORDERED that plaintiff be given twenty (20) days within which to join Dr. S. Henry LaRocca and St. Charles General Hospital as parties in this action pursuant to the provisions of Federal Rule of Civil Procedure 19. If plaintiff fails to join said parties within the time prescribed, the Clerk of Court is hereby directed to enter final judgment, dismissing plaintiff's action with prejudice.