Stephen LACCONE, et al., Plaintiff,

v.

CITY OF WATERBURY, Defendant.

No. 3:04CV2139(MRK).

United States District Court, D. Connecticut.

May 18, 2005.

John R. Williams, New Haven, CT, for Plaintiff.

Gary S. Starr, Shipman & Goodwin, Hartford, CT, Christopher N. Parlato, Watertown, CT, for Defendant.

### MEMORANDUM OF DECISION

KRAVITZ, District Judge.

In this consolidated action,[1] a number of firefighters assert that their employer, the City of Waterbury (the "City"), deprived them of their right to substantive due process and equal protection under the Fourteenth Amendment by altering the terms of their retirement benefits. In *Laccone v. City of Waterbury*, 3:04CV2139(MRK), which has not been joined with the *Walker* consolidated action, a group of municipal workers has brought similar claims against the City. The City has filed similar motions to dismiss Plaintiffs' complaints in both *Walker* and *Laccone*.[2] This Memorandum of Decision addresses the motions to dismiss in both *Laccone* and the consolidated *Walker* action, and the Court has filed an identical opinion in each case. After considering the parties' argument and submissions,[3] the Court DENIES WITHOUT PREJUDICE Defendant's Motions to Dismiss [*Walker*, docs. 9, 27, 31, 34] and [*Laccone*, doc. # 9].

1. The *Walker v. City of Waterbury* lead case has been consolidated with three other cases: *Cruz v. City of Waterbury*, 3:04cv1799(MRK); *Burns v. City of Waterbury*, 3:04cv1800(MRK); and *Fischetti v. City of Waterbury*, 3:04cv1801(MRK).

2. There are a total of five complaints at issue because separate complaints were filed in each of the four consolidated cases.

3. A full set of briefs was filed at different times in each of the five lawsuits, and the parties' arguments evolved over time. The Court has therefore considered the arguments set forth in each brief. However, since there is a substantial degree of similarity in the arguments presented and for the sake of simplicity, the Court will cite principally to the briefs filed in *Fischetti v. City of Waterbury*, 3:04cv1801(MRK). These briefs con-

### I.

The City originally moved to dismiss Plaintiffs' complaints on eight separate grounds. *See* Defs.' Mem. [*Burns*, doc. # 31] at 3. However, following argument on the motions, the City notified the Court by letter dated April 14, 2005, that the City now seeks dismissal on only one ground—namely, for failure to join the Waterbury Financial Planning and Assistance Board (the "Oversight Board") as a party to this action, a party which Defendant claims is both indispensable and immune from suit. Therefore, the Court need not and will not address the other arguments advanced by the City in their motions.[4]

Rule 19 of the *Federal Rules of Civil Procedure* sets forth a "two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir.2000). First, the Court must determine "whether an absent party belongs in the suit"—that is, whether the party is needed for a just adjudication of the action. *See id.* Second, if a party is deemed necessary to the action, "it must then be determined whether the party's absence warrants dismissal pursuant to Rule 19(b)" because the party is also indispensable. *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090(RWS), 2004 WL 2346152, at *6–*7 (S.D.N.Y. Oct.19, 2004) (citing *Viacom*, 212 F.3d at 725).

### A.

Under Rule 19, a person should be joined as a party to the action if:

sist of the following: Defendant's Memorandum in Support of Motion to Dismiss [doc. # 35] ("Defs.' Mem. [*Fischetti*, doc. # 35]"); Plaintiffs' Brief in Opposition to Motion to Dismiss [doc. # 36] ("Pls.' Opp. [*Fischetti*, doc. # 36]"); and Defendant's Response to Plaintiffs' Opposition to Motion to Dismiss in the Fischetti Case [doc. # 41] ("Defs.' Reply [*Fischetti*, doc. # 41]").

4. The Court notes that, among other things, the City argued that Plaintiffs' union is a necessary party to the *Walker* lawsuit. This issue was resolved at oral argument because Plaintiffs' counsel stated on the record that Plaintiffs' would join the union in *Walker* as Plaintiffs have already done in *Laccone*.

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a); *see Westchester Disabled On the Move, Inc. v. County of Westchester,* 346 F.Supp.2d 473, 478–79 (S.D.N.Y.2004).

The City argues that the Oversight Board is a party that should be joined in this action because "in the [Oversight Board's] absence complete relief cannot be accorded among those already parties" to the action. *See* Defs.' Mem. [*Fischetti,* doc. # 35] at 9 (quoting Fed.R.Civ.P. 19(a)). The Court agrees with the City that the Oversight Board qualifies as a party who should be joined in this action under one or more of the criteria set forth in Rule 19(a). The Oversight Board was created by the State in 2001 in order to address the dire financial crisis that existed in the City and it was given very broad power to oversee the City's financial affairs, including plenary authority over all labor contracts. *See* Special Act 01–1, H.R. 6952 Gen. Assem. Reg. Sess. (Conn.2001), attached as Ex. B to Def.'s Mem. in Supp. of Mot. to Dismiss [*Walker,* doc. # 10]. Moreover, it is undisputed that the Oversight Board was actively involved with the events leading to the change in Plaintiffs' pension benefits that are the subject of this lawsuit. *See* Defs.' Mem. [*Fischetti,* doc. # 35] at 1–2. Under these circumstances, it is likely that the Oversight Board will have a position on (and perhaps evidence regarding) any claims advanced or relief sought by Plaintiffs and that it will be difficult for the City itself to comply with any order issued by this Court granting relief to Plaintiffs without the involvement and cooperation of the Oversight Board. *See Westchester,* 346 F.Supp.2d at 479–80 (municipalities were necessary parties because Defendants could only approve voting machines but municipalities were responsible for purchasing them); *Troy Towers Tenants Ass'n v. Botti,* 94 F.R.D. 37, 38 (D.C.N.J.1981) (finding that city rent stabilization board was necessary party to lawsuit in which plaintiffs challenged rent stabilization ordinance). Indeed, Plaintiffs themselves conceded at oral argument that the Court and the parties would be better served if the Oversight Board participated in this action.[5] For these reasons, the Court concludes that the Oversight Board is a party that should be joined if feasible. *See* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 1602 at 19 (2d ed. 1986) ("[Rule 19] should be employed to promote the full adjudication of disputes with a minimum of litigation effort.").

### B.

Next, the Court must assess whether joinder of the Oversight Board is feasible. *See Viacom,* 212 F.3d at 724. If joinder is feasible, then Rule 19(a) allows the Court to "order that the person be made a party." Fed.R.Civ.P. 19(a). *See, e.g., Local Unions 20 v. United Bhd. of Carpenters & Joiners of Am.,* 223 F.Supp.2d 491, 508, 510 (S.D.N.Y. 2002) (ordering joinder of District Council). The City argues that joinder is not feasible because the Oversight Board is a state agency and therefore immune from suit in federal court. *See* Defs.' Mem. [*Fischetti,* doc. # 35] at 14–15. *See also Fluent v. Salamanca Indian Lease Auth.,* 928 F.2d 542, 547 (2d Cir.1991) (joinder of tribe under Rule 19(a), "while desirable," was "not feasible because of the tribe's sovereign immunity").

■ In order to determine whether an entity is a state agency, the Court must

---

**5.** Plaintiffs also argued at oral argument that this Court may have the power to impose sanctions on the Oversight Board if it were to prevent the City from complying with a court order. While Plaintiffs may be correct under some circumstances, the Court concludes that it would be more efficient to bring the Oversight Board into the case now and potentially avoid any such problems down the line. *See Troy Towers,* 94 F.R.D. at 39 (party was necessary where joinder would allow court "to effectively and completely adjudicate the dispute.").

balance the six factors identified by the Second Circuit in *Mancuso v. New York Thruway Auth.*, 86 F.3d 289 (2d Cir.1996). Those factors are as follows: (1) how the entity is referred to in the documents that created it; (2) how its governing members are appointed; (3) how it is funded; (4) whether its function is traditionally one of local or state government; (5) whether the state has veto power over its actions; and (6) whether the entity's financial obligations are binding upon the state. *Id.* at 293. As the parties' briefs make clear, considering and assessing the foregoing factors is a fact-intensive exercise. Yet, as the City conceded at oral argument, the City is not in a position to provide the Court with many of the facts it would need in order to conduct a proper analysis and balancing of the *Mancuso* factors. In particular, the City is not in a position to explain fully to the Court whether, to what extent, and in what manner, the Oversight Board can create financial obligations that are binding on the State. This factor is crucial to the immunity analysis since the "vulnerability of the State's purse [is] the most salient factor when deciding whether sovereign immunity applies." *McGinty v. New York*, 251 F.3d 84, 100 (2d Cir.2001) (citations and quotation marks omitted).

■ Accordingly, the Court finds that the City has failed to demonstrate that joinder of the Oversight Board is not feasible. As a consequence, at least at this stage, the Court need not consider whether the Oversight Board is indispensable within the meaning of Rule 19(b). And in any event, given the centrality of immunity to the indispensability inquiry, the Court could not at this stage determine whether these lawsuits must be dismissed for failure to join an indispensable party. *See Fluent*, 928 F.2d at 548 ("[I]t has been held that when an indispensable party is immune from suit, there is very little room for balancing of other factors … because immunity may be viewed as one of those interests compelling by themselves.") (quotation marks and citations omitted).

In the Court's view, the better course of action is to require Plaintiffs to join the Oversight Board as a party in these lawsuits. At that point, the Oversight Board would be free to assert any immunity it may have, assuming, of course, that the Oversight Board wishes to assert immunity. *See, e.g., Lopez v. Arraras*, 606 F.2d 347, 353 (1st Cir.1979) (remanding case to district court with instructions to join HUD so that it could present its position on sovereign immunity). If upon being named and served, the Oversight Board chooses to assert an immunity defense, the Oversight Board will be in a far better position than the City to bring to the Court's attention all relevant facts relating to the *Mancuso* factors. And if the Court ultimately concludes that the Oversight Board is immune and should be dismissed from this action, the City will then be free to renew its indispensability arguments, if appropriate. *See Frazier v. Turning Stone Casino*, 254 F.Supp.2d 295, 305 (N.D.N.Y.2003) (considering indispensability of Oneida Nation and casino in light of their dismissal from the action).

## II.

For the foregoing reasons, the Court DENIES without prejudice to renewal Defendants' Motions to Dismiss [*Walker*, docs. 9, 27, 31, 34] and [*Laccone*, doc. # 9]. Plaintiffs having agreed to name the union as a party defendant in the *Walker* consolidated action and this Court having concluded that the Oversight Board is a party that should be joined in both the *Walker* consolidated action and in *Laccone*, the Court exercises its authority pursuant to Rule 19(a) to order Plaintiffs on or before June 20, 2005, to: (1) file amended complaints that (a) name the Oversight Board as a party defendant in the *Walker* consolidated action and in *Laccone*, and (b) name the union as a party defendant in the *Walker* consolidated action; and (2) serve the amended complaints in both actions on the Oversight Board and the union.

IT IS SO ORDERED.